SOURS et, Plaintiffs, v. STATE, DIRECTOR OF HIGHWAYS, Defendant.

Common Pleas Court, Summit County.

No. 219009. Decided December 22, 1959.

Roy E. Browne, Akron, for plaintiffs.
Thos. J. Lowery, W. B. Furnier, Paul Kostyshak, Ravenna, for defendant.

## OPINION

By WATTERS, J.:

### FINDING OF FACTS

On January 27, 1959, the State of Ohio, thru and by the Director of Highways, filed Case No. 215,987 in this court against the Sours, Plaintiffs here, for the appropriation of an easement for highway purposes of certain property of the Sours on Manchester Road, Summit County, Ohio.

In its said petition the State set forth the value of the land taken as $3660, and damage to the residue at $2700 or a total of $6360 which amount the petition recited had been paid into court, deposited with the Clerk.

The return of the sheriff on **January 28, 1959**, in substance showed

residence service on the defendants Ralph W. Sours and Rose C. Sours by leaving for each of them at their usual place of residence a true certified copy of the resolution and finding.

The deputy sheriff testified that on said date, **January 28, 1959,** he put a rubber band around the summons and papers and attached same on the outside door knob of the house, either on the side of the house or on the front door, he was not sure. He said he thought there was a storm door, which he opened before placing the papers on the door knob of the inner door.

The facts further show that Mr. and Mrs. Ralph Sours who reside at 2448 Manchester Road, had temporarily gone to Bristolville, Ohio, in November of 1958, and that they remained away from their home and residence from November 1958 to April 1959, except for one visit back home on December 24, 1958.

Mr. Sours at the time of the hearing was seriously ill at his home and unable to appear in court at the time of this hearing, and has been so for some time past. Mrs. Rose C. Sours, the wife, testified that neither she nor her husband ever received or saw said summons or papers, and that the first time they knew anything about said suit etc. was a few days before August 5, 1959, when they employed Roy E. Browne as counsel to check the records etc., after the Cline-Buckeye Drain Service Company, who came out to do some work concerning the septic tank etc., informed them that the State, as they understood, claimed the property or part thereof had been appropriated by the State.

The default judgment by the State, see Journal Entry in Case No. 215,987, was taken on March 13, 1959, and signed and entered by this court.

The Sours then on August 12, 1959, filed their petition after term to vacate said default judgment, which is this action (Case No. 219,009) on the grounds of no jurisdiction due to failure to properly serve the Sours therein, and failure to receive any notice of said suit, and that they had no opportunity to perfect their appeal, etc.

The State, after filing a motion to dismiss said petition to vacate, which this court overruled, filed its answer in substance a general denial.

There is no evidence before the court that the State Highway Department, under the former regime (Gov. O'Neil) or under the present regime (Gov. DiSalle) had any negotiations with the owners, before the case was commenced January 27, 1959, by the present department, shortly after it took over.

There is no evidence that the case was advertised in the Legal News for default judgment, prior thereto, in accordance with our rule of court.

The court finds the defendants, the Sours, never received said summons etc. and had no knowledge of said lawsuits and have thus been deprived of their day in court.

#### The Law of the Case and Conclusion

The only pertinent case in Ohio which is almost exactly in point is the case of Kletchko v. Shupp, 15 N. P. (N. S.) 332, where the deputy "pinned a copy of the summons on the back door of the residence, using two pins in so doing."

The syllabus of this case reads as follows:

"Service of summons to be in conformity with the Ohio statute must be made under such circumstances and be of such a character that it may fairly be presumed the defendant received it. This requires, where the service is not personal, that a copy of the summons with all of the endorsements thereon be either pushed under the front door of the defendant's residence, or dropped into an aperture in the front door for the reception of mail, so that it may be said the summons was left within the dwelling; or if it be delivered to some member of the defendant's family, the one receiving it must be of such age and discretion and must bear such relation to the defendant that it may fairly be presumed he received it, and delivery so made to a member of the family must be at a door of the defendant's residence "or on a porch thereof."

The Court found in this case that pinning the summons on the back door was **not** good residence service.

The Court stated in the opinion its reasons as follows:

"Hence, it must be held that pinning a summons on a back or rear door of a residence does not constitute service upon the owner of the residence, within the meaning of the statute. To hold otherwise would lead to abuse, injustice and injury, if not actual fraud. The ease with which the papers could be removed by an interested party, the curiosity of the ubiquitous and mischievous small boy. or even of the delivery man, the liability of winds and storms to detach and blow it away destroys the legal presumption that the defendant received it."

Further the Court said in the opinion at page 335:

**"We are of the opinion that under the Ohio Statute the service must be made under such circumstances and be of such a character that it may be fairly presumed the defendant received it; and any service that does not meet this requirement will be, and ought to be, held void and insufficient."** (Emphasis by this Court.)

In view of the facts as found by the court and the law, the Court finds that said attempted service on the Sours is void and insufficient, and that said defendants never received said papers and that said default judgment should be and is vacated, set aside and held for naught and said defendants thru counsel in order to expedite the matter should enter appearance, if desired, perfect their appeal according to law and by posting a $100 bond as is customary and the matter assigned for trial.

However, in the meantime counsel should endeavor to negotiate a settlement if possible between the parties.

This of course is a suggestion of the court and should not be a part of the journal entry.

A journal entry will be prepared by counsel with exceptions to the State.

Costs of this proceeding shall be taxed as part of the appropriation.

If appeal is desired counsel should contact Miss Diane Fasig, the court reporter, in re transcript.