KRABILL, APPELLANT, *v.* GIBBS, A MINOR, APPELLEE.
(Two cases.)

2

(Nos. 40955 and 40956—Decided March 27, 1968.)

*Messrs. Amerman, Burt, Shadrach, McHenry & Jones* and *Mr. John P. Van Abel,* for appellants.

*Messrs. Day, Ketterer, Raley, Wright & Rybolt* and *Mr. Louis A. Boettler,* for appellee.

SCHNEIDER, J. Lillian Krabill and her husband, Ray, filed two actions on November 14, 1964, in the Tuscarawas Common Pleas Court arising out of an automobile accident on December 1, 1962, in which, as it has been stipulated, she received injuries caused by the negligence of Jeffrey L. Gibbs, who did not reach majority until March 29, 1965.

(From this point forward, in the interests of clarity, only case No. 40955 will be referred to. The record and issues in case No. 40956 are substantially identical.)

The summons issued pursuant to the filing of the suits commanded the sheriff "to notify Jeffrey L. Gibbs, a minor, 1228 Gorley Street, Uhrichsville, Ohio, and his father, Charles H. Gibbs, 1228 Gorley Street, Uhrichsville, Ohio, that Jeffrey L. Gibbs, a minor, has been sued * * *."

The Sheriff's return recited personal service upon "Charles H. Gibbs, father of Jeffrey L. Gibbs, a minor," and residence service upon "Jeffrey L. Gibbs, a minor," with the further notation: "(Defendant now in the U. S. Armed Forces)."

A motion directed to the petition to strike and to make definite and certain was filed on behalf of the defendant, that motion was sustained and an amended petition was filed without further process—all within 60 days of December 1, 1964, the expiration date of the two-year statute of limitations. Appellant does not insist that the filing of the motion constituted a general appearance of Gibbs, the minor defendant.

It might be noticed here, in passing, that even if Section 2309.261, Revised Code,[1] had been in effect, the outcome of this case would not have been altered. The minority of Jeffrey L. Gibbs was clearly on the record in the first instance.

Not until April 30, 1965, fully 32 days after attaining majority, did the defendant file a motion to quash the process commenced November 14, 1964, making a special appearance for that purpose. Accompanying the motion was an affidavit of a deputy sheriff, the relevant portion of which reads:

" * * * that on November 14, 1964, I received two summons in the case No. 37145 and two summons in case No. 37146, both case[s] in the Tuscarawas Court of Common

---

[1]Section 2309.261, Revised Code: "Every attorney at law who knowingly files a pleading or motion on behalf of a minor in any civil action or proceeding shall set forth in such pleading or motion the fact that the party represented is a minor, unless such fact of minority has been disclosed by a pleading or motion previously filed in the same action or proceeding." (Effective 10/30/65.)

Pleas, entitled Lillian B. Krabill vs. Jeffrey L. Gibbs and Ray B. Krabill vs. Jeffrey L. Gibbs; that in each of said cases, one summons was for service upon the minor defendant and one summons was for service upon Charles H. Gibbs, father of the defendant; that I instructed another deputy sheriff to make personal service of all four of said summons, that is, personally serve one of said summons in each case upon the defendant and one of said summons in each case upon the defendant's father; that I was told by the deputy that he personally served the defendant's father in each case with one summons intended for the defendant's father; that the summons in each case intended for the minor defendant were not served upon the defendant and the deputy returned said summons to me; *that on Nov. 19, 1964, I personally mailed the summons intended for the minor defendant to Charles H. Gibbs, 1228 Gorley St., Uhrichsville, Ohio, by ordinary mail;* no other summons was attempted to be served in either of these cases." (Emphasis supplied.)

Pursuant to Section 2703.23, Revised Code,[2] the Common Pleas Court of Tuscarawas County had, by rule, provided for service of writs of process by registered or certified mail only.[3]

---

[2]Section 2703.23, Revised Code, reads in relevant part as follows: "In addition to the methods of service and return of writs provided by law, the judge of the Court of Common Pleas * * * may, by rule, provide for the service of writs or process by mail, registered or otherwise * * *. *When provisions for service by mail, registered or otherwise, are made, a return of the sheriff, or other officer or person charged by law with the duty of serving said writ or process, that a true copy of the writ or process was deposited in the mail, registered or otherwise, shall be proof of residence service at the address on the envelope containing such writ or process; provided that such residence is the correct residence address of the party to be served and that such envelope is not returned by the postal authorities as undelivered. * * *"* (Emphasis supplied.)

[3]Rule No. 9 of the Court of Common Pleas of Tuscarawas County reads in material part as follows:

"Service of writs or process by mail, may be made pursuant to and

At this stage of the proceedings, assuming the truth of the facts related in the affidavit, it is clear that the record did not indicate valid service. Proof of delivery of the envelope was absent. (Appellant does not contend, and we would not be persuaded to hold, that where the rule of the local court, as here, does not permit the use of ordinary mail, the words, "or otherwise," appearing in the phrase "by mail, registered or otherwise," as used in the statute, would nevertheless sanction the use of ordinary mail and permit it to be "proof" of residence service.)

The question also arises whether the mailing of a summons intended for defendant in an envelope addressed to defendant's father at the same address is sufficient to accomplish "residence service."[4]

It becomes appropriate at this point to consider the objective of process (which term, as applied to this case, includes the summons, its issuance, its delivery and the return or report of the delivery) where jurisdiction of the court *in personam* is necessary to support a judgment against a party.

Historically, personal jurisdiction over a defendant

in accordance with and to the fullest extent permitted, but subject to the limitations of Section 2703.23 of the Revised Code of Ohio.

"The expenses of such service shall be taxed as costs. Such writs, process or summons shall be enclosed in a sealed envelope bearing the proper postage, and in the upper left hand corner of such envelope shall be plainly printed these words: 'If not delivered in five days, return to sheriff, Tuscarawas County, New Philadelphia, Ohio.' If such envelope be returned by the postal authorities as undelivered, it shall be deposited with and filed by the Clerk of Court, and the return of each envelope so filed shall be deemed a return of 'not found.'

"Such service shall be by certified mail duly certified in the post office at New Philadelphia, Ohio, provided, however, that when directed by precipe, or by order of court or a judge thereof, such service shall be by registered mail duly registered in the post office at New Philadelphia, Ohio * * *."

[4]Additionally, the envelope apparently did not contain a return address contrary to the rule of court. However, defendant does not urge the materiality of this defect and, in view of our disposition of the case, we do not consider it further.

depended upon his physical capture by an officer of the court within the boundaries of its territory and his physical return to the presence of the magistrate.[5] "But now that the *capias ad respondendum* has given way to personal service of summons or other form of notice" (Mr. Chief Justice Stone in *International Shoe Co.* v. *Washington,* 326 U. S. 310, 316, 90 L. Ed. 95, 102), the object of statutes regulating process against a person who is "present" within the territory of the court and over whom jurisdiction of that court *in personam* is sought or required to be obtained, is to give such notice as will in the nature of things most likely bring the attention of that person to the fact that an action has been instituted against him and that he has an opportunity to defend the same. See opinion of Taft, J., in *Moriarty* v. *Westgate Center, Inc.,* 172 Ohio St. 402, at pages 407 and 408; opinion of Matthias, J., in *Sours* v. *Dir. of Highways,* 172 Ohio St. 242; and opinion of Zimmerman, J., in *Maloney* v. *Callahan,* 127 Ohio St. 387, at page 396.

It follows logically that, whereas, pursuant to a *capias,* nothing short of the physical return of the party over whom personal jurisdiction was sought would be conclusive that jurisdiction had obtained, the return of the proceedings of officers and their deputies charged with the delivery of writs and summons is but *prima facie* evidence of those proceedings. Hence, the rule is that where process against a defendant appears on the face of the record to be regular, he may, nevertheless, by evidence *aliunde* the record show that a defect, irregularity or deviation from the statutory particulars has, in fact, occurred. *Conner* v. *Miller,* 154 Ohio St. 313; *Hayes* v. *Kentucky Joint Stock Land Bank of Lexington,* 125 Ohio St. 359; and *Phillips* v. *Elwell,* 14 Ohio St. 240.

Alternatively, where process against the defendant appears on the face of the record to be *irregular,* it may nevertheless be shown that *no* defect, irregularity or de-

---

[5]"Capture" of the defendant's property remains an ingredient of jurisdiction *in rem.*

viation from statutory objectives has, in fact, occurred. *Paulin* v. *Sparrow*, 91 Ohio St. 279.

From the foregoing propositions and authorities, it follows, as a corollary, that a party attempting to avoid jurisdiction, which is apparent on the face of the record, has the burden of showing a defect or irregularity in process; but that party's adversary shall then be permitted to show by clear and convincing proof that, notwithstanding the defect or irregularity, the statutory objective of notice, actual or constructive, has, in fact, been accomplished and that the court has, in fact, jurisdiction of the former party.

The plain objective of Section 2703.23, Revised Code, is to furnish both a means of delivering a writ, other than by physical conveyance by the person whose duty it may be to serve it, and *a rule of proof* that service was, in fact, accomplished. But the proof required by the statute is not exclusive.

After the filing of the motion to quash and the supporting affidavit of the deputy sheriff, plaintiff should have grasped the opportunity to supply the elements of proof absent from the record at that point, *i. e.*, that the envelope was, in fact, delivered to the correct usual residence of the party to be served. This she failed to do.

Instead, she caused an alias summons to be issued and served upon the defendant who by this time was an adult. The trial court then dismissed the motion to quash, on the theory, apparently based on *Robinson* v. *Commercial Motor Freight, Inc.*, 174 Ohio St. 498, that the petition and precipe having been filed and original summons issued within two years of the accrual of the cause of action and the service of that summons having failed, the failure was otherwise than upon the merits and the alias process was within the one-year saving provision of Section 2305.19, Revised Code. Obviously, this was a misinterpretation of the rule of the *Robinson case, supra,* as the Court of Appeals recognized. Nevertheless, the trial court's ruling

was in error for the reason that at the time appellant had failed to rebut the deputy sheriff's affidavit.

Ordinarily, this would have ended the issue and, on appeal the Court of Appeals would have been correct in reversing the judgment on the authority of *Hudzik* v. *Alcorn,* 4 Ohio St. 2d 45; *Bobo* v. *Bell,* 171 Ohio St. 311; and *Juhasz* v. *Corson,* 171 Ohio St. 218. However, the parties subsequently entered into, and submitted the case on, a stipulation which by its terms revived the issue raised by defendant's motion to quash and supplied the additional and critical fact that *"1228 Gorley Street, Uhrichsville, Ohio * * * was the usual place of residence of the defendant, and it * * * [the summons intended for the defendant] was received [there] by said Charles H. Gibbs."* (Emphasis supplied.) So, at last, the final element entered the record. Whatever risks of regular mail service the trial court's rule sought to avoid, the proof now was that the summons was, in fact, delivered, not to defendant, but to his father at the "correct residence address" of both. Section 2703.-23, Revised Code. It can only be speciously claimed that the mode of entry of the summons into defendant's correct usual place of residence was such that he could not reasonably be expected to receive it or to receive notice of the action against him. *Sours* v. *Dir. of Highways, supra* (172 Ohio St. 242). In fact, it might reasonably be expected that, as a result of it being directed to his father at their mutual residence, defendant would receive actual notice sooner than if it had been addressed to him and was forwarded to his place of duty or left unopened pending his arrival home.

We conclude, therefore, that the trial court properly entered judgment for the appellant and the appellate court erred in its reversal.

*Hudzik* v. *Alcorn, supra,* and *Bobo* v. *Bell, supra,* are easily distinguishable. In neither case was process attempted, within the running of the statute of limitations, upon the father or other responsible person required to be correlatively served by Section 2703.13, Revised Code. *Juhasz* v. *Corson, supra,* is best distinguished by the supreme lack of diligence shown by plaintiff therein. His petition

alleged that his injuries were caused by an automobile driven by "defendant*s*," of an identical address. Both were served in the usual manner for adults. They filed a joint answer of general denial. Well after the statute and the saving period had expired, plaintiff abandoned the petition by filing an amended petition and causing process thereon to be instituted against Corson, Jr., as a minor, and Corson, Sr., as his father and guardian. Even if the allegations of the amended petition could be accepted as fact (and they were nowhere conceded in the record) they could not relate back to the period within the limitation of the claim so that it could be said as a matter of law that the minor and another person responsible for that minor had reasonable notice of the pendency of the action during such period. Although it may have been a nearly conclusive probability that Corson, Sr., and Corson, Jr., from the similarity of their names and their common address, were father and son, that probability could not substitute for conclusive proof that they were.

Finally, in *Mason* v. *Waters,* 6 Ohio St. 2d 212, we did not have before us the propriety of the ruling quashing the original service. We were not asked to determine whether the defendant was without the jurisdiction of the court or beyond the reach of its process. The adverse holding of the trial court on that question was accepted by the plaintiff. Nor was actual residence service proved or conceded. The case is as inapplicable here as is *Robinson* v. *Commercial Motor Freight, Inc., supra.*

It is no solution of this case to say that the sheriff, whose error caused the controversy, should suffer its consequences. The real issue is whether the party who has, in fact, been brought under the jurisdiction of the court should answer for his admitted tort. We hold that he should. However, the close division of the court is a caveat to sheriffs, bailiffs and constables of the potential effect of any conduct short of a diligent and exact performance of their assigned tasks.

*Judgments reversed.*

TAFT, C. J., O'NEILL and HERBERT, JJ., concur.
ZIMMERMAN, MATTHIAS and BROWN, JJ., dissent.