THOMAS, APPELLANT, *v.* TEHAN ET AL., APPELLEES.

(No. 68-107—Decided November 27, 1968.)

26

*Messrs. Goldman, Cole & Putnik* and *Mr. Douglas G. Cole,* for appellant.

*Messrs. Frost & Jacobs* and *Mr. David D. Dodge,* for appellees.

DOYLE, J.  The single question for resolution, which is dispositive of this case, is whether residence service of process upon a minor alleged tortfeasor is proper within the purview of Chapter 2703, Revised Code.  It appears that this question is an open one, although other service-of-process statutes controlling actions of a different character have been the subject of consideration by Ohio courts and legal authorities.

The operative sections within Chapter 2703 read:

Section 2703.13, Revised Code:

"When *the defendant is a minor* the service of summons must be upon him, and also upon his guardian or father or, if neither can be found, upon his mother, or the person having the care of such infant, or with whom he lives.  *The manner of service must be the same as in the case of adults,* and shall be made on such persons in the order named in this section."  (Emphasis added.)

Section 2703.08, Revised Code (relating to the manner of service):

"Service shall be made at any time before the return day, by delivering a copy of the summons, with the indorsements thereon, to the defendant personally, *or by leaving a copy at his usual place of residence * * *.*"  (Emphasis added.)

It is defendant-appellees' position that Section 2703.13, Revised Code, required personal service of the summons upon Harry Pape, the minor, and that in his physical absence from the county, residence service would have been of no avail and was, therefore, not required of the sheriff.

The rule of service of summons upon minors and adults, creating jurisdiction of the court over the person of a defendant, is defined by statute and is not the product of judicial construction.  In comparing the words of the

statutes with the persons and events necessary for juris-
diction, we find nothing requiring personal service of sum-
mons on either the minor son or his father. In fact, the
clear import of the statutes is that a minor is properly
served in the same manner as an adult, excepting only
that another person must also be served, *i. e.*, "his guard-
ian or father, or if neither can be found, upon his mother, or
the person having the care of such infant, or with whom he
lives." Section 2703.13, Revised Code, *supra.* Residence
service upon a minor (when properly made, *cf., Farley* v.
*Pickett,* 177 Ohio St. 133; *Sours* v. *State, Dir. of Highways,*
172 Ohio St. 242) is sufficient when it gives him notice and
opportunity to defend the suit. *Krabill* v. *Gibbs,* 14 Ohio
St. 2d 1. Under the sections of the Revised Code set forth
above, it was, therefore, the duty of the sheriff, or his
deputy, to make residence service upon each of the Papes
when personal service was not possible.*

It is suggested in argument that the plaintiff's action
was lost due to his failure to check the sheriff's return and
issue alias summons prior to the expiration of the savings
period provided by Section 2305.17, Revised Code. This
question, if it has merit, cannot be resolved in a ruling
on demurrer to the petition.

The judgment of the Court of Appeals is reversed and
the cause is remanded to the Court of Common Pleas of
Hamilton County for further proceedings.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER
and BROWN, JJ., concur.

DOYLE, J., of the Ninth Appellate District, sitting for
HERBERT, J.

---

*See Section 2703.131, Revised Code, effective November 1, 1965;
with respect to service of summons upon minors in motor vehicle
actions.