ZACHARY, APPELLEE, *v.* WHITE, APPELLANT.

(No. 9957—Decided April 30, 1971.)

*Messrs. Patchen, Murphy & Ankney,* for appellee.
*Messrs. Crabbe, Newlon, Potts, Schmidt, Brown & Jones,* for appellant.

HOLMES, J. This matter involves an appeal from an order of the Municipal Court of Franklin County, Ohio,

denying the motion of the defendant, appellant herein, to vacate a prior default judgment, in the sum of $3,500 plus costs, taken against her in such court.

The facts surrounding the default judgment are as follows.

A civil action for money only was commenced on January 20, 1970, in the Municipal Court of Franklin County by this plaintiff, appellee herein, against the defendant. A summons was issued, and mailed by the clerk of courts to the defendant. The envelope containing such summons was addressed to the defendant at 14 East Twelfth Avenue, Apt. 1, Columbus, Ohio, 43201. Such envelope is postmarked January 22, 1970, and contains official post office markings of "Moved, not forwardable" and "Return to writer."

On January 29, 1970, an alias summons was issued to the bailiff with instructions to serve it personally upon the defendant at "14 East Twelfth Avenue, or 22 East Twelfth Avenue." On February 9, 1970, the bailiff returned this summons with a notation as follows: "the within defendant not found in my bailiwick."

On March 19, 1970, a second alias summons was issued to the bailiff with instructions to serve the defendant at "1345-1347 Broadview [Grandview], Columbus, Ohio, 43212." The summons was sent to the defendant by regular mail to such address. The envelope containing the summons was postmarked March 20, 1970, and was returned to the clerk containing the post office department marks of "Undeliverable as Marked," and "Return to Writer."

On March 23, 1970, the third alias summons was directed to the defendant by regular mail by the clerk to "Box 4687, Tri-Village Sta., Columbus, Ohio, 43212." The envelope containing such summons was not returned to the clerk.

By entry, upon the half sheet of the court, it appears that on May 28, 1970, the defendant not appearing, a default judgment in the amount of $3,500 plus costs was rendered for the plaintiff.

The defendant's motion to vacate the judgment was denied. A subsequent motion by the defendant for reconsideration was sustained by the court. Thereafter, the plain-

tiff filed a motion to set aside the last entry of the court which was sustained on September 29, 1970.

The entry, as entered on the half sheet, set forth the following:

" * * * The Court finds that the service of process upon the defendant was good service; that defendant's post office box number was her correct legal residence address; that summons was sent to that address and was received by the defendant—not being returned by the postal authorities. Defendant had actual notice of the action against her through legal service."

From such judgment, the defendant appeals to this court with the single assignment of error as follows: "The court erred in not vacating the default judgment entered against the defendant."

The singular issue contained in such assignment of error concerns the sufficiency of the service made upon the defendant, and whether the Municipal Court of Franklin County obtained jurisdiction over the defendant before entering a default judgment against her.

The basic reason for the issuance and service of original process in a legal proceeding is to notify the party defendant of such proceeding and afford him the opportunity to appear and defend. Such service and attendant notification gives the court the necessary jurisdiction to proceed. *Lincoln Tavern, Inc.*, v. *Snader* (1956), 165 Ohio St. 61; *Krabill* v. *Gibbs* (1968), 14 Ohio St. 2d 1.

Prior to the adoption of the Ohio Rules of Civil Procedure, effective July 1, 1970, the Legislature, within constitutional limitation, could prescribe what kind of notice of the commencement of an action should be given, and the courts could not determine that anything short of that gave them jurisdiction. *Moore* v. *Starks* (1853), 1 Ohio St. 369.

This action was filed in the Municipal Court of Franklin County prior to the adoption of the Ohio Rules of Civil Procedure, therefore, we must apply the statutes and the law in effect at that time as they relate to the mode of service, if in fact such mode would differ from current prescribed practice under the Rules.

The general section of Ohio law which prescribed the

manner of service in civil actions was R. C. 2703.08 which set forth, in part, the following:

"Service shall be made at any time before the return day, by delivering a copy of the summons, with the indorsements thereon, to the defendant personally, or by leaving a copy at his usual place of residence; or, if the defendant is a partnership sued by its company name, by leaving a copy at its usual place of doing business, or with any member of such partnership."

A further section which was in force and effect at the inception of this proceeding was R. C. 2703.23 which section, in pertinent part, provided as follows:

"In addition to the methods of service and return of writs provided by law, the judge of the court of common pleas and probate judge in each of the counties of the state or the judge of the municipal court of any city may, by rule, provide for the service of writs or process by mail, registered or otherwise, and for the service of persons summoned for jury duty by mail, registered or otherwise."

Pursuant to such legislative authority as granted in this section, the Municipal Court of Franklin County passed a rule providing for service of summons by regular mail. Contrary to such rule, the clerk of the court, in the instant case, mailed the summons by regular mail to the defendant addressed to a post office box number as noted.

This mode of making service of summons upon this defendant brings into sharp focus the question of whether valid service was made under the then existing statutes by mailing a summons to a post office box number.

I believe there would be no argument that such mode of service could not constitute personal service upon the defendant. Nor does there appear to be any evidence that would indicate that the defendant was a business entity, or that she was to be served as such. We are therefore relegated to whether there has been a valid residence service under the statute upon this individual defendant.

In aid of answering this specific question, we must turn back to R. C. 2703.23, which, in pertinent part, states:

" * * * When provisions for service by mail, register-

ed or otherwise, are made, a return of the sheriff, or other officer or person charged by law with the duty of serving said writ or process, that a true copy of the writ or process was deposited in the mail, registered or otherwise, shall be proof of residence service at the address on the envelope containing such writ or process; *provided that such residence is the correct residence address of the party to be served* and that such envelope is not returned by the postal authorities as undelivered." (Emphasis added.)

As stated in 44 Ohio Jurisprudence 2d 57, Process, Section 40:

"In order to effect residence service of a summons, a copy of the summons, with the indorsements thereon, must be left at the defendant's 'usual place of residence' within the state. Hence, leaving a copy at some other place, as at the defendant's office or place of business, even though it is in the same building, will not suffice, and is of no effect; and the fact that the defendant actually receives the copy left at the unauthorized place does not render the service valid."

Residence service is a process unknown to the common law so that statutes providing for such service are in derogation of common law and must be strictly construed. *Claxton* v. *Simons* (1961), 177 N. E. 2d 511.

Even though provided for under Ohio law, residence service must be made under such circumstances and be of such a character that the presumption that the defendant received it is a fair one in accordance with the facts. *Sours* v. *State* (1959), 82 Ohio Law Abs. 594.

Where the process is served at one's usual place of residence by other means than physical delivery by the one charged with such duty, the provisions of the law providing such alternative means of delivery should be equally closely adhered to.

It will be noted that the Ohio Supreme Court has observed in *Krabill* v. *Gibbs* (1968), 14 Ohio St. 2d 1, at page 7, that "the plain objective of Section 2703.23, Revised Code, is to furnish both a means of delivering a writ, other than by physical conveyance by the person whose duty it

may be to serve it, and *a rule of proof* that service was, in fact, accomplished.''

Pursuant to such section, a return by the person charged by law with the duty of serving the writ or process, showing that a true copy of such writ was deposited in the mail shall be proof of residence service at the address on the envelope containing such writ or process.

However, the next clause of this code section provides an essential portion of the required proof of residence service, the language being: ''provided that such residence is the correct residence address of the party to be served and that such envelope is not returned by the postal authorities as undelivered.''

Relative to what may constitute a ''usual place of residence,'' we find the following in 44 Ohio Jurisprudence 2d 58, Process, Section 40:

''A place of residence, to be a 'usual place of residence' within the meaning of the statutes, must have the character of a settled abode established for a period of indefinite duration, although no particular period of time is necessary to establish it [citing *Hayes* v. *Kentucky Joint Stock Land Bank* (1932), 125 Ohio St. 359].''

Applying such a definition and test to the facts before us, it can be readily determined, and we so hold, that a post office box is not a residence and that process mailed to such post office box address does not constitute or qualify as valid residence service at the ''usual place of residence'' of the defendant.

The plaintiff argues, in her brief, that the underlying issue here is that of due process of law, and the right of the defendant to be reasonably notified of the action filed against her. She then cites *Krabill* v. *Gibbs, supra*, in support of this thesis.

Further, the plaintiff states that the object of service of process is to give notice, and that this defendant has not claimed that she did not receive actual notice. Also, plaintiff says that this court, in *Shaman* v. *Roberts* (1950), 87 Ohio App. 328, held that a presumption of valid mail service, although rebuttable, is established where the record

shows that service was made in conformity with the statute.

We do not disagree with the holdings in either *Shaman* v. *Roberts* or *Krabill* v. *Gibbs,* but those cases are not on all fours with the facts and the record of this case.

In *Shaman,* the summons was deposited in the mail and addressed to the defendant at his correct residence address, and the envelope was not returned by the postal authorities as undelivered. The record in that case further showed that the defendant adduced evidence tending to rebut the presumption of valid mail service, and the trial court held accordingly that no jurisdiction of the defendant had attached.

In *Krabill,* the local rules of the Tuscarawas Common Pleas Court provided that service of writs of process could be made by registered or certified mail. However, the facts as disclosed by the record in that case revealed that ordinary mail had been used for delivery of the writ. Further, in *Krabill,* the envelope containing the writ was addressed to the defendant's father who lived at the same residence address as the defendant. The court in a split decision held that the facts in the case would support valid residence service. The court, after holding in essence that the object of process was to give notice to a defendant that an action has been instituted against him, held in the third paragraph of the syllabus:

"Where process appears to be irregular on the face of the record, it may be shown, nevertheless that *no* defect, irregularity or deviation from statutory particulars has, in fact, occurred." (Following *Paulin* v. *Sparrow,* 91 Ohio St. 279.)

The court said, after a review of the facts, at page 8:

"It can only be speciously claimed that the mode of entry of the summons into defendant's correct usual place of residence was such that he could not reasonably be expected to receive it or to receive notice of the action against him."

It can readily be seen that these cases differ from the one at hand. In this case, the record evidences the fact that

the writ was not mailed to a residence address but to a post office box address, a service of process irregular on its face.

Such showing of irregularity in the service of process has not been rebutted by evidence that no defect, irregularity or deviation from statutory particulars has in fact occurred.

In this case, the defendant did not come into court to quash service of summons, but made an appearance only after a default judgment had been taken against her—such appearance being by way of a motion to vacate the prior judgment.

There has been no proof beyond a reasonable doubt that, notwithstanding the defect or irregularity, the statutory objective of notice, actual or constructive, has in fact been accomplished.

The defendant not having been served properly at her usual place of residence, no jurisdiction could have been acquired over her for purposes of a judgment. The judgment is therefore of no force and effect, and such shall accordingly be vacated.

Further, it is hereby ordered that the costs shall be shared equally by the parties.

*Judgment reversed.*

TROOP, P. J., and REILLY, J., concur.