[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties.
Appellant, United Ohio Insurance Co., appeals from a decision of the Conneaut Municipal Court granting the motion for relief from judgment filed by appellees, Cory Rivera and Rita Blare. The following facts are relevant to a determination of this appeal. On May 23, 1997, appellant filed a complaint against appellees to recover its subrogation interest arising out of an automobile accident that occurred on March 4, 1996. Appellant alleged that appellees caused the accident resulting in losses to appellant of $5,325.00
Service upon appellees via certified mail was unsuccessful on June 9, 1997, as the notices sent to both Rita Blare and Cory Rivera, mother and son, at 246 Park Place, Conneaut, Ohio were returned unclaimed. Thereafter, service was attempted via ordinary mail pursuant to Civ.R. 4.6(D). This attempt was also unsuccessful as the notices were returned marked, "Moved, Left No Address."
On August 6, 1997, service via certified mail was again attempted on Cory Rivera, but this time at a different address, 133 Marshall Street, Conneaut, Ohio. Once again, it was returned unclaimed. Then, pursuant to Civ.R. 4.6(D), service was completed on Cory Rivera by ordinary mail at the same address on August 14, 1997. Subsequently, on September 13, 1997, service via certified mail was attempted on Rita Blare at 133 Marshall Street, Conneaut, Ohio. This attempt was successful as the notice addressed to Rita Blare was signed for by her father, Ron Blare.
Since neither appellee filed an answer to the complaint in a timely manner, appellant filed motions for default judgment against each appellee individually. The trial court entered judgment against Cory Rivera on September 12, 1997, and against Rita Blare on November 14, 1997. On November 19, 1997, both appellees filed a single motion for relief from judgment pursuant to Civ.R. 60(B). Cory Rivera claimed that he was in the military service of the United States at all relevant times and was entitled to relief pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940. Rita Blare claimed that she was entitled to relief because she had never been properly served.
On January 22, 1998, the trial court conducted a hearing on appellees' motion for relief from judgment. The only witness to testify was Rita Blare. On January 23, 1998, the trial court entered an order granting appellees' motion and vacating the default judgments. Appellant timely filed a notice of appeal from the trial court's decision.
Appellant has set forth two assignments of error. In the first assignment of error, appellant contends that the trial court erred in granting appellees' motion for relief from judgment as its decision was arbitrary and contrary to law and evidence. In the second assignment of error, appellant asserts that the trial court erred in vacating the default judgments since appellees failed to demonstrate the Civ.R. 60(B) requirements. These assignments of error are interrelated and, accordingly, will be addressed in a consolidated manner.
It is well-established that in order to obtain relief from judgment pursuant to Civ.R. 60(B), the movant must satisfy the three-pronged test set forth in GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146. There, the Supreme Court of Ohio held, at paragraph two of the syllabus:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted: (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
Additionally, the court held that when relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the moving party so that cases can be decided on their merits. Id. at paragraph three of the syllabus.
In the case sub judice, it is undisputed that appellees filed their motion for relief from judgment within a reasonable time and, therefore, the third prong of aforementioned test is not at issue. The first and second prongs, however, are disputed by the parties and need to be addressed as to each appellee individually.
With regard to Rita Blare, it was her contention that she was entitled to relief under Civ.R. 60(B)(5), "any other reason justifying relief from judgment," due to improper service. She testified at the hearing that notice of appellant's complaint was never sent to the address where she actually resided, 338 1/2 Madison Street, Conneaut, Ohio, and, therefore, default judgment was improper.
As this court has previously noted, "a judgment taken in an action in which there has not been proper service is void abinitio, and may be attacked either directly or collaterally, at any time." Redfoot v. Mikouis (Nov. 29, 1996), Trumbull App. No. 96-T-5398, unreported, at 3, citing Lesowitz Baskin v. Miller
(1989), 63 Ohio App.3d 401, 403. The starting point in this analysis is Civ.R. 4.1, which permits service of process by certified mail, personal service or residence service. In the present case, certified mail was used in an attempt to serve Rita Blare at 133 Marshall Street. Thus, service was deemed successful when the receipt, signed by Rita Blare's father, was returned to the court on September 13, 1997.
The Supreme Court of Ohio has held:
 "* * * where process against a defendant appears on the face of the record to be regular, he may, nevertheless, by evidence aliunde the record show that a defect, irregularity or deviation from the statutory particulars has, in fact, occurred." Krabill v. Gibbs (1968), 14 Ohio St.2d 1, 6.
Further, the court held that a party attempting to avoid jurisdiction has the burden of showing a defect or irregularity in the process. Id. at 7. While this decision was based upon the statutory provisions applicable in 1968, the basic principles are still valid under the Ohio Rules of Civil Procedure. State exrel. Cunningham v. Frybarger (Sept. 19, 1986), Fulton App. No. F-86-1, unreported.
At the hearing on appellees' motion for relief from judgment, Rita Blare admitted that she learned of the complaint a "couple of days" after her father signed the receipt for the certified mail when her father told her about the notice. She admitted reading the complaint at that time. Thus, it is clear that proper notice was served pursuant to Civ.R. 4.1 and that Rita Blare had knowledge of the complaint filed by appellant. No defect or irregularity existed and Blare had notice of the proceedings. Accordingly, Blare was not entitled to relief under Civ.R. 60(B)(5).
Based upon the foregoing analysis, Rita Blare did not satisfy the three-pronged test set forth by the Supreme Court of Ohio and, thus, the trial court abused its discretion in granting Blare relief from judgment. Appellant is entitled to default judgment against Rita Blare.
With regard to Cory Rivera, it was his contention that he was entitled to relief under Civ.R. 60(B)(5) due to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940. Specifically, Rivera relied on Section 520, Title 50, U.S. Code, which provides, in relevant part:
 "(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment."
Rivera alleged that appellant failed to provide an affidavit with its motion for default judgment setting forth facts that he was not in military service, as required by the aforementioned statute. Rivera is correct in this assertion that appellant failed to provide this statutorily mandated affidavit. However, courts have repeatedly held that when default judgment is rendered without the filing of this affidavit, the judgment is not void but merely voidable. Thompson v. Lowman (1958), 108 Ohio App. 453,456. The judgment can be vacated only upon a showing by the serviceman that he was prejudiced by reason of his military service in making a defense, and that he has a meritorious defense to the action. Id. at 456; see, also, Section 520(4), Title 50, U.S. Code. Thus, the fact that appellant in this case failed to present an affidavit in accordance with the federal statute is insufficient, in and of itself, to entitle Rivera to relief under Civ.R. 60(B). He still had the burden of establishing both
prejudice and a meritorious defense. Thompson v. Scurlock (Feb. 1, 1993), Guernsey App. No. 92-CA-14, unreported; Royal Globe Ins.Co. v. Singlar (Jan. 14, 1983), Lucas App. No. L-82-288, unreported; Nationwide Mut. Ins. Co. v. McCoy (Dec. 3, 1975), Greene App. No. 870, unreported.
Rivera failed to allege or demonstrate why he was entitled to relief under Civ.R. 60(B). He attached no affidavit to his motion and he failed to appear for the hearing. The only witness to testify, Rita Blare, offered no explanation of how her son was prejudiced by his presence in the military. In fact, there was no allegation that he was not aware of the complaint filed by appellant. Under these circumstances, it was an abuse of discretion for the trial court to set aside the default judgment against Rivera. He simply did not meet his burden of establishing prejudice.
Based on the foregoing analysis, appellant's sole assignment of error is sustained. The judgment of the trial court is reversed and judgment is reinstated in favor of appellant against each of the appellees. ____________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J.,
CHRISTLEY, J., concur.