[Cite as *Green v. Kaser*, 2019-Ohio-1917.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Chad Green

  Appellant

v.

Toni L. Kaser

  Appellee

Court of Appeals No.  S-18-033

Trial Court No.  18CV184


**DECISION AND JUDGMENT**

Decided:  May 17, 2019

* * * * *

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is before the court on appeal from a judgment of the Sandusky County Court, District No. 2, Small Claims Division, entering judgment in favor of appellee Toni L. Kaser on her counterclaim, and awarding the sum of $4,639.07. Because the trial court's hearing on the matters alleged in the counterclaim preceded service of that pleading on appellant, Chad Green, we reverse.

## A. Facts and Procedural Background

{¶ 2} Green and Kaser were previously involved in a romantic relationship, and Green moved from Indiana to live with Kaser, an arrangement that lasted about 7 months. At the time they began living together, Green owned two vehicles, a Chevy Avalanche, owned free and clear, and a GMC Acadia, encumbered by a $14,500 bank loan. Kaser owned a Nissan Pathfinder, free and clear. The parties agreed to trade in two of the vehicles to purchase a used Dodge Ram 1500 pickup truck, for a total purchase price of $13,000. Green traded in his Avalanche for $6,000, and Kaser traded in her Pathfinder for $6,000, and Green paid an additional $1,000 toward the purchase price of the truck. Green drove the truck, and Kaser took over driving the Acadia, but both vehicles remained titled in Green's name. The parties purchased auto insurance together, each paying their half of the premium.

{¶ 3} In July 2016, the romance ended and Green moved out. Kaser continued to drive the Acadia, because Green could not afford to pay Kaser the $6,000 she received in trade-in for the Pathfinder. Kaser agreed to maintain the Acadia as if it were her own and continue to pay her half of the insurance premium. Some months later, and without any advance communication, Green appeared at Kaser's home with $6,000, and took possession of the Acadia.[1]

---

[1] Initially, Green offered Kaser $4,000, arguing entitlement to a discount based on Kaser's use of the vehicle. When Kaser refused, Green produced the additional $2,000, and left with the vehicle.

2.

{¶ 4} Green then filed a small claims suit, seeking amounts he claimed Kaser failed to pay for insurance, and seeking money damages allegedly arising from excessive wear and tear on the Acadia, and body damage from an apparent collision. Green perfected service of his complaint on Kaser, and the trial court scheduled the matter for hearing.

{¶ 5} On May 21, 2018, Green and Kaser appeared for hearing. Kaser denied she damaged the vehicle or failed to maintain the vehicle, but admitted she owed amounts for her half of the auto insurance. The trial court determined it needed additional documentation to determine the exact amount owed by Kaser for insurance, and ordered a continuance for Green to file additional insurance documentation.[2] Additionally, based on Kaser's assertions regarding an agreement to divide household expenses and Green's failure to pay all amounts owed, the trial court granted Kaser leave to assert a counterclaim, stating:

> Madam, in this period of time, if you would like to file a counterclaim for what you believe you are owed with detail and get him service so he can respond to it at our next hearing, I will give you leave to do that.

{¶ 6} The trial court indicated it would continue hearing for 14 days, with the clerk to provide notice of the new hearing date as the parties left that day. The new

---

[2] Green did not file additional documentation within the 14 day period indicated by the trial court.

3.

hearing date, however, was set four weeks out, on June 18, 2018. Kaser waited until June 8, 2018 to file her counterclaim, pursuing damages unrelated to the claims asserted by Green, and seeking $4,914.08 for "household expenses, fees, and damages." The clerk issued service of summons of the counterclaim by certified mail that same date.

{¶ 7} On June 18, 2018, Kaser appeared for hearing, but Green failed to appear. Despite Green's absence, the trial court noted that it had his testimony from the initial hearing as to his complaint. The trial court found "proper notice" to Green and proceeded to consider the amount owed by Kaser for her half of the auto insurance, as well as Kaser's counterclaim. Kaser proffered additional documentation regarding auto insurance, once more acknowledging her obligation to pay half until Green repossessed the Acadia.

{¶ 8} As to the counterclaim, Kaser alleged Green failed to pay all of his portion of the household expenses, pursuant to an alleged agreement, and Green owed amounts for damage he or his children caused to the premises. In support, Kaser presented her own spreadsheet, noting sporadic payment by Green, along with credits for amounts Green paid on Kaser's behalf for auto insurance. Kaser also presented photographs of the claimed damage to her home, with quotations for repair or replacement of property. At the close of the hearing, the trial court took the matter under advisement.

{¶ 9} The next day, Green filed his supplemental insurance documentation. Also on June 19, 2018, the day after hearing on Kaser's counterclaim, Green received service of that counterclaim, with the summons providing the following notice :

4.

You are required to appear and defend this action by serving an answer to the Counterclaim on the attorney for the Complainant or on the party if he has no attorney. Your answer must be served within twenty-eight (28) days after service of this summons. A copy of your answer must also be filed with this court within three (3) Days after service on the Defendant's attorney of the Defendant.

* * *

Failure to appear and defend in this action will result in a judgment by default being taken against you for the relief demanded in the attached Counterclaim.[3]

{¶ 10} Green filed his answer on July 9, 2018, contesting amounts claimed as owed in the counterclaim. The pleading stated:

This letter shall serve as my written answer to the Counterclaim on the above listed case. I, Chad Green, am contesting this counterclaim by Toni Kaser for household expenses, fees, and damages.

{¶ 11} On July 11, 2018, the trial court entered its judgment as to Green's complaint and Kaser's counterclaim, finding in favor of Kaser as to her counterclaim for household expenses and property damage, offset by the amount acknowledged owed by Kaser for her portion of the insurance premium, for a total award in favor of Kaser on her

---

[3] The summons did not comply with R.C. 1925.05, in that it provided an answer date, 28 days from the date of service.

counterclaim in the amount of $4,639.07.  The trial court's judgment entry is silent as to the date of service of the counterclaim, and does not acknowledge the answer filed on July 9, 2018.

{¶ 12} On July 23, 2018, Green filed a handwritten letter, acknowledging the missed court date, but contesting judgment as to the counterclaim based on lack of notice until after the date of the hearing.  Green requested hearing as to the counterclaim.

{¶ 13} On July 25, 2018, the trial court construed Green's letter as a motion seeking reconsideration.  Despite the fact that the court's own record demonstrated service of summons on June 19, 2018, a day after the hearing, the trial court summarily denied the motion, noting that Green was aware of the July 18, 2018 hearing date and failed to appear.

## B.  Assignment of Error

{¶ 14} Green filed a timely appeal of the trial court's judgments, asserting the following assignments of error:

I.  The trial court abused its discretion when it held a hearing on appellee's counterclaim without valid service of the counterclaim on appellant pursuant to R.C. 1925.02.

II.  The court abused its discretion when it denied appellant's Motion for Reconsideration after the hearing held without proper service of the counterclaim.

III.  The court decision was based on insufficient evidence.

6.

IV.  The court's decision was against the manifest weight of the evidence.

V.  Cumulative error deprived appellant of a fair decision in this matter.

## II.  Analysis

{¶ 15} In his first assignment of error, Green raises the issue of proper service of the counterclaim.  His first assignment of error is dispositive of this appeal, as Green does not appear to contest the trial court's ruling as to his complaint for money damages.

{¶ 16} Proceedings in small claims court "are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively." *Cleveland Bar Assn. v. Pearlman,* 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 15.  While hearings are simplified and not bound by the Rules of Evidence or Rules of Civil Procedure, pursuant to R.C. 1925.05(A), notice of a claim must still be served "as provided by the Rules of Civil Procedure."  *Id.* at ¶ 15; R.C. 1925.05(A).

{¶ 17} The statutory notice, served with the summons, must identify the claimant, the amount of relief sought, and the nature of the claim. R.C. 1925.05(A).  Additionally, the notice must identify the hearing date and time, and warn that failure to appear may result in a default judgment.  R.C. 1925.05(A).  As to counterclaims, a defendant must file *and serve* a copy of any counterclaim "at least seven days prior to the date of the trial of the plaintiff's claim." R.C. 1925.05(A).

{¶ 18} "If the notice is returned undelivered or if in any other way it appears that notice has not been received by the defendant, at the request of the plaintiff or his

7.

attorney, a further notice shall be issued, setting the trial for a subsequent date, to be served in the same manner as a summons is served in an ordinary civil action." R.C. 1925.05(B).

{¶ 19} At the time of the initial May hearing, the trial court had granted Kaser leave to assert a counterclaim, with no counterclaim filed or even articulated on the record. At the time of the June hearing, Green had not received notice that Kaser actually intended to proceed as to her counterclaim, and the trial court failed to note the record of service, finding only that Green was aware of the hearing date and Kaser's intention to pursue a counterclaim. Regardless, Green did not receive a copy of the counterclaim at least seven days before the hearing date. *See* R.C. 1925.05(A).

{¶ 20} "The purpose of service of process is both to notify a defendant that a judicial proceeding has been commenced against him, and also to provide him with an opportunity to appear and defend himself." *Bodmann v. Locations, Ltd.,* 10th Dist. Franklin No. 03AP-910, 2005-Ohio-1511, ¶ 14, citing *Zachary v. White*, 26 Ohio App.2d 97, 99, 269 N.E.2d 625 (10th Dist.1971). Notice and an opportunity to be heard are fundamental requirements for due process, and although the Rules of Civil Procedure and Rules of Evidence are not generally applicable in small claims proceedings, the right to due process does apply. (Citations omitted.) *Landau v. Sposato,* 7th Dist. Mahoning No. 12 MA 46, 2013-Ohio-4568, ¶ 20.

{¶ 21} The trial court proceeded to hearing on the counterclaim and deemed the matter decisional, taking it under advisement, all prior to service of Kaser's pleading on Green. In doing so, the trial court adjudicated the counterclaim without protecting

8.

Green's procedural right to notice of the claims against him. *See e.g. Petiniot v. Walker,* 6th Dist. Lucas No. L-75-253, 1976 Ohio App. LEXIS 7309 (Feb. 27, 1976) (without proper service as provided by R.C. 1925.05, determining the claim violated the defendant's due process rights). Accordingly, the trial court erred in proceeding to hearing on the Kaser's counterclaim, prior to Kaser perfecting service on Green. We therefore find Green's first assignment of error well-taken, rendering the remaining assignments of error moot.

### III. Conclusion

{¶ 22} Based on the foregoing, we find Green's first assignment of error well-taken. The remaining assignments of error are deemed moot. We reverse the judgment of the Sandusky County Court, District No. 2, Small Claims Division, entering judgment in favor of appellee Toni L. Kaser on her counterclaim, and remand the matter for further proceedings, consistent with this decision. Pursuant to App.R. 24, appellee is assessed the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE