Carter, J.
 

 The sole issue presented to this court for consideration and determination may be stated as follows : May the incorporation of platted lands be accomplished only under Section 3517
 
 et' seq.,
 
 General
 
 *234
 
 Code, or may such incorporation be equally accomplished by proceedings under Section 3526
 
 et seq.°!
 
 Counsel on either side have traced the law, relative to incorporation of- villages under the provisions of what is now known as Section 3517, from its inception, dating from the year 1852 (50. Ohio Laws, 223), down to the last, amendment thereto, and we have considered that history and noted the various changes made therein through the years. It appears from the history of this legislation that, down to the year 1896, jurisdiction to incorporate platted territory and, by amendment, adjacent unplatted territory was vested solely in the county commissioners. Officers of no other political subdivision of the state, down to the time of the enactment of Section 3526, were authorized or given jurisdiction of proceedings to incorporate territory into villages. It, appears, therefore, that the county commissioners on proper application are authorized to incorporate not only platted lands within the county, but adjacent unplatted lands. What is now known as Section 3526, General Code, was enacted in 1896 (92 Ohio Laws, 333). With slight amendment that section now provides :
 

 “When the inhabitants of any territory or portion thereof desire that such territory shall be incorporated into a village, they shall make application, by petition, to the trustees of the tqwnship in which the territory is located, or, if the territory is located in more than one township, to the trustees of the township in which the majority of such inhabitants reside. Such petition shall be signed by at least thirty electors of the territory, a< majority of whom shall be freeholders, and shall be accompanied by an accurate map of the territory, and shall contain in addition to the matter hereinbefore required to be set forth in petitions to incorporate territory laid off into village lots, the re
 
 *235
 
 quest of the petitioners that an election be held to obtain the sense of the electors upon such incorporation. Such petition may be presented at a regular or special meeting of the township trustees.”
 

 We find therefore that the Legislature has enacted two separate statutes dealing with the incorporation of villages, Section 3517
 
 et seq.,
 
 providing for the incorporation of platted lands and adjacent unplatted lands, by and through the county commissioners, and Section 3526, conferring on trustees of another political subdivision, the township, jurisdiction of proceedings to incorporate villages out of any territory or portion thereof, instituted by petition to the trustees of the township in which the territory is located.
 

 Now it is not urged, neither can it be successfully claimed, that the Legislature is not empowered to authorize the county commissioners to proceed, on-proper application, with incorporation of territory into a village, whether the lands be platted or unplatted, and neither can it be successfully claimed that the Legislature is powerless to grant similar jurisdiction in such proceedings to township trustees, affecting territory within the territorial boundaries of the township, or even broader powers than those granted to county commissioners. See'Section 2, Article XVIII of the Ohio Constitution, providing that “general laws shall be passed to provide for the incorporation and government of cities and villages,” and Section 6, Article XIII of the Constitution, providing that “the Oeneral Assembly shall provide for the organization of cities, and incorporated villages, by general laws.”
 

 We are, therefore, confronted with the question as to what was the legislative intent in enacting Section 3526.
 

 Did the Legislature intend, in enacting that section, that application could be made to the township trus
 
 *236
 
 tees to incorporate villages out of any territory within ., the township or an adjoining township, whether platted, unplatted or both, or was the authorization to township trustees limited to unplatted lands only? Without question, the township trustees are authorized to proceed with the incorporation of unplatted territory, and it is urged that such is the extent of their powers. If the township trustees have jurisdiction to proceed in the instant case as to unplatted lands only, the decree of the Court of Appeals should be reversed and that of the Common Pleas Court affirmed. On the other hand, if it be determined that the statutes providing for incorporation are cumulative as to platted lands, the decree of the Court of Appeals should be affirmed.
 

 The criterion or test to be followed in the determination of legislative intent was laid down by this court in the case of
 
 Shugars, Clerk,
 
 v.
 
 Williams,
 
 50 Ohio St., 297, 34 N. E., 248, as follows: “* * * the test to be observed is the intent of the lawmakers as expressed by the law.”
 

 The only mode in which the will of a legislature is spoken is the statute itself. Hence, in the construction of statutes, it is the legislative intent manifested in the statute that is of importance, and such intent must be determined primarily from the language of the statute, which affords the best means of the exposition of the intent. Indeed, it is the duty of the courts to give a statute the interpretation its language calls for where this can reasonably be done, and the general rule is that no intent may be imputed .to the Legislature in the enactment of a law, other than such as is supported by the language of the law itself. The courts may not speculate, apart from the words, as to the probable intent of the Legislature. As a reason for these rules, it has been declared that the Legisla
 
 *237
 
 ture must be assumed or presumed to know the meaning of words, to have used the words of a statute advisedly and to have expressed legislative intent by the use of the words found in the statute; that nothing may be read into a statute which is not within the manifest intention of the Legislature as gathered from the act itself; and that the court may write no limitations therein. As variously expressed, the statute may not be restricted, constricted, qualified, narrowed or abridged. Hence, general words are to have a general operation, where the manifest intention of the Legislature affords no ground for qualifying or restraining them. Under this rule, where the statute is expressed: in general language, it is to be applied to all cases-coming within its terms. The Legislature will be presumed to have intended to make no limitations to a statute in which it has included by general language many subjects, persons or entities, without limitation. It is a general rule that courts, in the interpretation of a statute, may not take, strike or read anything out of a statute, or delete, subtract or omit anything therefrom. To the contrary, it is a cardinal rule of statutory construction that significance and effect should if possible be accorded every word, phrase, sentence and part of an act. 50 American Jurisprudence, 197
 
 et seq.,
 
 Section 217
 
 et seq.
 
 These rules of construction are of such general application that citing of specific cases is unnecessary. These rules of construction'are subject to some exceptions; nevertheless, if the act or acts in question are couched in plain and unambiguous language, courts are not justified in adding words to such statutes, neither may the courts delete words from a statute, but must construe intent of the lawmakers as expressed in the law itself.
 

 In the light of these general rules of statutory con
 
 *238
 
 struction, let us examine the statutes in question. ' Section 3517, in part,- provides:
 

 “The inhabitants of any territory laid off into village lots, a plat of which territory has been acknowledged and recorded as is provided with respect to deeds, or the inhabitants of any territory which has been laid oft into such lots and surveyed and platted by an engineer or surveyor who certified thereon, under oath, to its correctness, and which is recorded as is provided with respect to deeds, * * * and adjacent territory, may obtain the organization of a village in the manner provided in this title.”
 

 There are other provisions in that section, not involved in the instant case.
 

 Section 3518, G-eneral Code, provides:
 

 “Application for such purpose shall be made by petition, which, except as provided in the last preceding section, shall be signed by not less than thirty electors, residing within the proposed corporate limits, and addressed to the county commissioners, accompanied by an accurate map of the territory.”
 

 Subsequent sections provide the mode of procedure following the filing of the application.
 

 There, is certainly no ambiguity to be found in Section 3517, and to add the words, “exclusive jurisdiction,” to such section would be in violation of the above-noted rules of construction and would be in our judgment judicial legislation. Nowhere in the statute dealing with the incorporation by county commissioners is exclusive jurisdiction conferred on the commissioners.
 

 With Section 3517 in mind, the Legislature in 1896 enacted what is now known as Section 3526 which has been amended slightly since that date. That statute provides for incorporation of villages by application to township trustees.
 

 
 *239
 
 Section 3526, in part, provides:
 

 “When the inhabitants of any territory or portion thereof desire that such territory shall be incorporated into a village, they shall make application, by petition, to the trustees of the township in which the territory is located * * *.”
 

 The following sections provide the procedure to be followed upon the filing of the petition. It is to be observed that, under Section 3526 and the following sections, the electors themselves determine whether the incorporation shall be had, whereas such is not the case under Section 3517
 
 et seq.
 
 In plain and unam-' biguous language, the Legislature, in Section 3526, provided:
 

 “When the inhabitants of
 
 any territory
 
 or portion thereof desire that such territory shall be incorporated into a village, they shall make application, by petition, to the trustees *
 
 *
 
 *.” (Italics ours.)
 

 No exception is made as to the provisions found in Section 3517. It is urged that Section 3526 applies to unplatted lands only. Nowhere in such section are the words “unplatted lands” found. However, it is claimed that, due to the fact that Section 3517 makes provision for incorporation of platted lands, the county commissioners are the exclusive agency for the incorporation of villages out of platted lands. To give this statute that construction, the court would be compelled to read into Section 3526 the words “unplatted lands,” whereas the 'statute provides, “any territory or portion thereof” may be incorporated thereunder. Does the word “any” connote “a part of” or “any or dll” lands, whether- platted or unplatted? “Any” is a word of flexible meaning and must be interpreted in the light of the context. A majority of the court is of the view that this court is not authorized to, neither should it, add to Section
 
 *240
 
 3526 the words “unplatted lands.” Neither are we justified in holding that “any territory” means “unplatted lands” only. “Any” is often used as meaning “all.” Citations to that effect may be found in 3 Words and Phrases (Perm. Ed.), 532. It is our view that “any territory” as used in the statute means any or all territory, and that the Legislature intended to include not only unplatted but platted lands as well and so provided'when it used the words in the statute, “thé inhabitants of any territory.” To hold otherwise would be usurping the prerogative of the legislative branch of government. In other words, we would be compelled to delete the word “any” before the word “territory” and substitute therefor the word “unplatted.” If any such limitatiqn is to be placed upon the township trustees, appeal should be had to the legislative and not the judicial branch of government.
 

 It has been suggested the doctrine of
 
 expressio unius est exclusio alterius
 
 applies. It is true that that doctrine might properly apply to Section 3517, as that statute provides for the incorporation of platted lands and adjacent lands and therefore excludes the incorporation of any other territory. However, in Section 3526 there is no designation of specific territory requiring the application of that doctrine. Let us assume, the doctrine does apply. In the case of
 
 State, ex rel. Curtis,
 
 v.
 
 DeCorps, Dir.,
 
 134 Ohio St., 295, 16 N. E. (2d), 459, it .was contended “that the Legislature, by enacting Section 486-17b, General Code, ‘having made lay-off in the police and fire departments in the inverse order, has indicated that it did not intend that same should apply to the other classifications’ and that the doctrine should be applied.
 

 In disposing of those claims the court said at page 298:
 

 
 *241
 
 ‘ ‘ The maxim is of utility only as an aid in ascertaining legislative intent, but when its employment operates to defeat such intent it will be held to be inapplicable.
 

 “ ‘The rule should not be carried beyond the reason for its existence. It is to be applied only as an aid in arriving at the legislative intention, and not to defeat the apparent intention.’ 37 Ohio Jurisprudence, 557, Section 296. See, also, 25 Ruling Case Law, 981, 982, Section 229.”
 

 The court quoted also with approval from the case of
 
 Springer
 
 v.
 
 Government of Philippine Islands,
 
 277 U. S., 189, 72 L. Ed., 845, 48 S. Ct., 480, as follows:
 

 “ ‘The general rule that the expression of one thing is the exclusion of others is subject to exceptions. Like other canons of statutory construction it is only an aid in the ascertainment of the meaning of the law and must yield whenever a contrary intention on the part of the lawmaker is apparent. Where a statute contains a grant of power enumerating certain things which may be done and also a general grant of power which standing alone would include those things and more, the general grant may be given full effect if the context shows that the enumeration was not intended to be exclusive.’ ”
 

 And the court cited a number of authorities sustaining that rule. Applying the rule to the instant case, we have Section 3517 containing a grant of power enumerating certain things. Section 3526 is a general grant of power which standing alone would include those powers enumerated in Section 3517. In other words, if there were no Section 3517 and Section 3526 were enacted, no one would contend that Section 3526 does not include platted and unplatted lands. Section 3526 in no way affects the provisions contained in Section 3517. The latter is still in full force and
 
 *242
 
 effect. It is somewhat significant that at the time of the enactment of former Section 3526, in 1896, the Legislature had before it for consideration some amendment to the statute with reference to incorporation of platted lands, under former Section 3517, and the Legislature made no changes in the wording of Section 3517, indicating exclusive jurisdiction in the commissioners of the county as to platted lands.
 

 “Whether a particular statutory remedy is exclusive or merely cumulative, is a question of construction and interpretation, depending upon the intent of the Legislature as manifested in the terms and provisions of the statute.
 

 “In some cases, a remedy prescribed by statute is regarded as exclusive. Indeed, in particular cases, it may appear, either expressly or by necessary implication, that the remedy provided therein is intended ,to be exclusive. This is true where a new remedy or mode of procedure is authorized by a new statute, and the new procedure is inconsistent with the former one. In such cases, the person injured must confine himself to the statutory remedy. However, an existing remedy is not necessarily taken away by a statute which simply provides an additional remedy. It may appear that the remedy afforded by a particular statute is not intended to be exclusive, but cumulative with respect to other remedies of the party. Indeed, an existing remedy, particularly one which is long-established, is not regarded as taken away by statute, except by direct or express enactment, or necessary implication from language showing, in a clear manner, that the statutory remedy was intended to be exclusive. Hence, where a new remedy is provided by statute for an existing right, and it neither denies an existing remedy nor is incompatible with its continued existence, the new remedy is regarded as cumulative,
 
 *243
 
 and the person seeking redress may adopt and pursue either remedy at his option.” 50 American Jurisprudence, page 590, Section 595.
 

 Now it is urged further that inasmuch as Section 3526
 
 et seq.
 
 are supplemental to Section 3517
 
 et seq.,
 
 that fact is indicative of legislative intent. However, this court held in the case of
 
 State, ex rel. Bd. of Edn.,
 
 v.
 
 Ach,
 
 113 Ohio St., 482, 149 N. E., 405:
 

 ‘ ‘ The declaration of the Legislature in the title to the act that it is only supplementary legislation is by no means controlling, if the effect of the enactment is to change existing laws.”
 

 This court is not holding that the title of an act may not be resorted to as an aid in the construction of the act if it is ambiguous, but when the act is unambiguous and the intent clear, the title of the act is for such resort of no consequence. The title of an act is never employed to defeat the clear, intent of the Legislature.
 

 This court finds itself in disagreement on. the question presented, but the majority is of the view and holds that these statutes are cumulative; that application may be made to the county commissioners, under Section 3517
 
 et seq.,
 
 for incorporation into villages of platted lands and unplatted lands adjacent thereto; and that, under Section 3526, application may properly be made to the township trustees for incorporation of not only unplatted lands, but platted lands.
 

 The decree of the Court of Appeals is affirmed.
 

 Decree affirmed.
 

 Weygandt, C. J., Zimmerman, Sohngen and Carpenter, JJ., concur.
 

 Matthias and Hart, JJ., dissent.
 

 Carter, J., of the Seventh Appellate District, sitting by designation in the place and stead of Turner, J.,
 
 *244
 
 and Carpenter, J., of the Sixth Appellate District, sitting by designation in the place and stead of Stewart, J., pursuant to Section 2, Article IV of the Constitution.