THE STATE OF OHIO, APPELLEE, v. PETERS, APPELLANT,

[Cite as State v. Peters, 9 Ohio App. 2d 343.]

(No. 2973—Decided October 19, 1965.)

*Mr. Harold B. LeCrone,* city prosecutor, for appellee.
*Mr. Alex V. DeMarco,* for appellant.

KERNS, J. The defendant, Robert L. Peters, was tried and convicted of speeding (Section 4511.21, Revised Code) in the Vandalia Municipal Court.

The conviction was based in substantial part upon the testimony of police officers who had clocked the defendant's automobile for a distance of one-fourth mile by using a stop watch in an airplane. The measured distance of one-fourth mile was designated on the highway by two white lines.

Section 4511.091, Revised Code, provides in pertinent part as follows:

"(A) Whenever the State Highway Patrol or any law enforcement officer uses radar for the determination of the speed of a motor vehicle, or uses any mechanical or electrical timing device for the determination of the speed of a motor vehicle over a measured distance of the highway, a rectangular sign apprising drivers of motor vehicles of the presence of such radar or mechanical or electrical timing device shall be posted on or as near as is practicable to the highway and not less than seven hundred fifty feet nor more than fifteen hundred feet in advance of such radar transmitter or *any component part of such mechanical or electrical timing device.*
"* * *

"Any officer arresting or participating, or assisting in the arrest of, a person charged with violating any of the speed provi-

sions of the motor vehicle or traffic laws of this state or the provisions of any ordinance of a municipality regulating speed of motor vehicles is incompetent to testify as a witness in any prosecution of such arrested person if such testimony is based upon or is derived from readings obtained from a radar device or a mechanical or electrical timing device which is obtained contrary to this section." (Emphasis ours.)

In the present case, the sign required by the statute was placed 1,056 feet in advance of the first white line on the roadway, but the defendant contends that the mechanical timing device used to determine his speed, after having traversed the measured distance of one-fourth mile, was then more than 1,500 feet beyond the posted sign, and urges accordingly that the stop watch, at that point, is "any component part of such mechanical or electrical timing device" as that language is employed in the applicable statute. In other words, the defendant argues that the word, "any," should be construed to mean "every" or "all."

Although the word, "any," is sometimes used to mean "every," this is not its preferred dictionary definition. Actually, it is a general word and may have a diversity of meanings depending upon the context and subject-matter of the statute in which it is used. See *Wachendorf* v. *Shaver, Recorder,* 149 Ohio St. 231.

The obvious purpose of Section 4511.091, Revised Code, is to apprise the unwary motorist that he is entering a zone where his speed may be determined by radar or some other mechanical or electrical timing device, and, in view of the purpose of the statute, we are satisfied that the Legislature intended that the warning signs be posted in advance of any *one* of the component parts of the timing device rather than in advance of *every* component part of the mechanism.

Here, the evidence discloses that the posted sign as observable by the defendant was initially within the allowable statutory distance from the timing device. Hence, the testimony of the arresting officers was admissible and their testimony amply supports the judgment of the trial court.

The judgment will, therefore, be, and hereby is, affirmed.

*Judgment affirmed.*

SHERER, P. J., and CRAWFORD, J., concur.