THE STATE OF OHIO, APPELLEE, *v.*
KELM, APPELLANT.

(No. CA85-10-021 — Decided
February 18, 1986.)

*William B. McCracken,* for appellee.

*Schwartz, Kelm, Warren & Rubenstein* and *Russell A. Kelm, pro se,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Wilmington Municipal Court.

On September 4, 1985, defendant-appellant, Russell A. Kelm, was tried and convicted of speeding — seventy-six m.p.h. on a roadway where the posted speed limit was fifty-five m.p.h. The conviction was based upon the testimony of two police officers, one of whom had clocked appellant's automobile for a distance of one-fourth mile by using a stopwatch in an airplane. The measured distance of one-fourth mile was designated on the highway, Interstate 71, by two white lines, and the aircraft officer used a chart to convert the time recorded on the stopwatch to vehicle speed. Following such computation, an account of appellant's conduct was radioed to the ground officer who stopped appellant and cited him for a violation of R.C. 4511.21. On this appeal, appellant raises a single assignment of error:

"The trial court erred in denying defendant's pretrial motion to dismiss and to quash."

R.C. 4511.091 provides:

"The driver of any motor vehicle which has been checked by radar, or by an electrical or mechanical timing device

to determine the speed of the motor vehicle over a measured distance of the highway and found to be in violation of any of the provisions of section 4511.21 of the Revised Code, may be arrested until a warrant can be obtained, provided such officer has observed the recording of the speed of such motor vehicle by the radio microwaves, electrical or mechanical timing device, or has received a radio message from the officer who observed the *speed* of the motor vehicle recorded by the radio microwaves, electrical or mechanical timing device; provided, in case of an arrest based on such a message, such radio message has been dispatched immediately *after the speed of the motor vehicle ·was recorded and the arresting officer is furnished a description of the motor vehicle for proper identification and the recorded speed.*" (Emphasis added.)

Essentially, in support of his assignment of error, it is appellant's position that R.C. 4511.091 is limited in application to those situations where a speed recording device is used, *i.e.*, where the speed of a vehicle is actually recorded by radar or an electrical or mechanical timing device. Because a stopwatch records time and not speed, according to appellant, the trial court erred in denying his motion to dismiss and to quash any identification evidence. We disagree.

An examination of the statutory language demonstrates that R.C. 4511.091 indeed is applicable to the facts of the case at bar. The initial clause unambiguously provides: "The driver of any motor vehicle which has been checked by * * * [a] mechanical timing device [*e.g.*, a stopwatch] to determine the speed of the motor vehicle over a measured distance of the highway and found to be in violation of * * * [R.C.] 4511.21 * * *, may be arrested * * *." Under this language, it is not required that the mechanical device itself register vehicle speed; that the mechanical device is used to "determine" speed is sufficient. Simply stated, when that portion of R.C. 4511.091 emphasized by appellant is read in context of the initial clause, it is clear that this case falls within R.C. 4511.091 even though the aircraft officer was required to use a chart to convert the time recorded on his stopwatch to vehicle speed. We note, also, the case of *State* v. *Peters* (1965), 9 Ohio App. 2d 343, 38 O.O. 2d 424, 224 N.E. 2d 916, wherein the Montgomery County Court of Appeals implicitly recognized the stopwatch in an airplane as an appropriate "mechanical device" under former R.C. 4511.091. Appellant's assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.