THE STATE, EX REL. SMITH, *v.* CITY OF COLUMBUS ET AL.

[Cite as State, ex rel. Smith, *v.* Columbus (1986), 28 Ohio St. 3d 94.]

(No. 85-1640—Decided December 24, 1986.)

*Wolery & Wolery Co., L.P.A.,* and *John J. Wolery,* for relator.

*Ronald J. O'Brien,* city attorney, and *Donald R. Keller,* for respondents.

*Per Curiam.* Resolution of this case involves the construction of Columbus Municipal Ordinance No. 2300-84. The preamble to this ordinance states that it is "[t]o establish a new Authorized Strength Ordinance for various Divisions or Departments of the City * * *." Section 1 of the ordinance lists authorized strength totals as to each department, board and office of the city after first stating that such numbers are the "maximum" per unit. Continuing, Section 1 states that "[n]o appointing authority shall appoint personnel in excess of the maximum permitted by this ordinance unless authorized by ordinance of Council."

Section 2 of Ordinance No. 2300-84 then provides in pertinent part:

"Such of the positions within the Division of Police as the Director of Public Safety and the Police Chief shall designate, shall be within the uniformed ranks, * * * provided there shall not be * * * in excess of, as a normal complement five (5) Police Deputy Chiefs nor as a temporary complement in excess of six (6) Police Deputy Chiefs at any one time."

In spite of the foregoing "maximum" and "in excess of" language, relator argues that the ordinance is a mandate of strength rather than a strength authorization. However, that argument by relator is contrary to a basic tenet of statutory construction as to determination of legislative intent: "* * * [I]f such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged; * * * and in the absence of any definition of the intended meaning of words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection in which they are used." *Wachendorf* v. *Shaver* (1948), 149 Ohio St. 231 [36 O.O. 554], paragraph five of the syllabus.

Relator further argues that the 1984 reorganization of the police division is a usurpation of the legislative function because Section 14 of the Charter of the city of Columbus provides that "* * * council shall by ordinance determine the number of officers and employes in each department of the city government." We find that Ordinance No. 2300-84 provides for maximum totals including those designated as police sergeants, police lieutenants, police captains and police deputy chiefs, but makes no attempt

to ascribe to such positions any duties or functions. The ordinance complies with the foregoing charter provision. The organizational structure of the police division is the responsibility of the Department of Public Safety and its director. Section 101 of the Columbus Charter ascribes to such director "* * * all powers and duties connected with and incident to the appointment, regulation, and government of his department * * *." Pursuant to this charter provision, it was within the discretion of the safety director to determine, as he did here, the number of deputy chiefs of the police division within the maximum prescribed.

For the foregoing reasons, relator has not established a clear legal right to the relief prayed for and the writ of mandamus is hereby denied.

*Writ denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.