### Savage v. Reed
[Cite as 8 AOA 172]

Case No. 89-CA-1854
Scioto County, (4th)
Decided November 8, 1990

Robert K. McCurdy, McCurdy, Johnson, Ruggiero, McKenzie & Bender, Portsmouth, Ohio, for Appellants.

David M. Huddleston, Scioto County Prosecuting Attorney's Office, Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellees.

STEPHENSON, J.,

This is an appeal from a declaratory judgment entered by the Scioto County Court of Common Pleas declaring that a resolution enacted by the Jefferson Township Board of Trustees repealing a plan of zoning in Jefferson Township was a valid exercise of its authority pursuant to R.C. 519.25(A). Leonard Savage, Robert E. Walters and Paul W. Gilcher, appel-

lants herein, filed a complaint seeking a declaration that a resolution adopted by appellee board of township trustees on December 9, 1987 was invalid, void, unconstitutional, and a disenfranchisement of appellants and other qualified taxpayers and voters.

The parties stipulated that there were no genuine issues of fact in dispute and that they agreed to submit the legal issues to the court on briefs. The trial court, after reviewing the briefs, held that the language contained in R.C. 519.25 was clear and unambiguous and that no interpretation of the statute was necessary. The trial court held that, based upon the plain meaning of the statute, the Jefferson Township Board of Trustees properly exercised its authority set forth in R.C. 519.25(A) in adopting a resolution of its own initiative thereby repealing the plan of township zoning for Jefferson Township. Appellants assign the following errors:

"I. THE COURT ERRED IN FINDING THAT R.C. 519.25 IS UNAMBIGUOUS.

II.THE COURT ERRED IN HOLDING THAT ADOPTION OF THE SUBJECT RESOLUTION BY THE BOARD OF TOWNSHIP TRUSTEES WAS A VALID EXERCISE OF BOARD AUTHORITY."

The errors address the interpretation and application of R.C. 519.25 and shall be addressed together.

R.C. 519.25 in its present form states in its entirety:

"In any township in which there is in force a plan of township zoning, the plan may be repealed by the board of township trustees in the following manner:

"(A) The board may adopt a resolution upon its own initiative.

"(B) The board shall adopt a resolution if there is presented to it a petition, similar in all relevant aspects to that prescribed in section 519.12 of the Revised Code, signed by a number of qualified electors residing in the unincorporated area of such township included in the zoning plan equal to not less than eight percent of the total vote cast for all candidates for governor in such area at the last preceding general election at which a governor was elected, requesting that the question of whether or not the plan of zoning in effect in such township shall be repealed be submitted to the electors residing in the unincorporated area of the township included in the zoning plan at a spe-

cial election to be held on the day of the next primary or general election. The resolution adopted by the board of township trustees to cause such question to be submitted to the electors shall be certified to the board of elections not later than seventy-five days prior to the day of election at which said question is to be voted upon. In the event a majority of the vote cast on such question in the township is in favor of repeal of zoning, then such regulations shall no longer be of any effect. Not more than one such election shall be held in any two calendar years."[1]

The resolution whose validity is in controversy in this appeal reads as follows:

"Be It Resolved by the Township Trustees of Jefferson Township, that they have discussed Zoning in Jefferson Township many times as being unenforceable, numerous vacancies on the Zoning Board and a public meeting was held for residents of the area and a Resolution was made by Mr. Dorsey Rudd that they adopt a resolution to repeal Zoning in Jefferson Township as outlined in Sec. 519.25 of the O.R.C. which states in (A) The Board of Trustees may adopt a resolution upon its own initiative.

"Resolution was seconded by Mr. Paul Reed. Voting on Resolution was Mr. Rudd, yes. Mr. Reed, yes. Mr. Childers, yes. Mr. Rudd declared that the Zoning in Jefferson Township is repealed."

Appellants contend that since paragraph A is silent as to the type of resolution and the necessary provisions of the resolution, the General Assembly intended that any resolution adopted by a board of township trustees pursuant to paragraph A must comply with the additional requirements set forth in paragraph B. Therefore, appellants submit that while a board of township trustees may adopt a resolution upon its own initiative, such a resolution would be for the limited purpose of submitting the question of whether to repeal a plan of township zoning to the electors, not for the purpose of circumventing the electors and directly repealing the zoning plan. Appellants assert there was no basis for the trial court to construe R.C. 519.25(A) to allow a board of township trustees to sidestep the voters and repeal the plan of zoning unilaterally.

In *Yorkavitz v. Board of Trustees* (1957), 166 Ohio St. 349, 351, the Supreme Court stated, "At the outset it must be noted that the townships of Ohio have no inherent or constitutionally granted police power, the power upon which zoning legislation is based. Whatever police or zoning power townships of Ohio have is that delegated by the General Assembly, and it follows that such power is limited to that which is expressly delegated to them by statute."

The General Assembly delegated to both townships and counties zoning power in 1947 in H.B. No. 22 (122 Ohio Laws 597) for the purpose "[t]o enable counties and townships to adopt land use regulations for the unincorporated territory, to provide for the regulation of the location, uses and other characteristics of buildings, and uses of land, and to grant powers to boards of county commissioners and township trustees for carrying out the provisions of this act." What was central to the regulatory authority that was delegated in G.C. 3180-1 *et seq.* was the requirement that township zoning was effective only after approval of a plan by the voters as required by G.C. 3180-35. The General Code provisions were carried in the 1953 Revised Code in R.C. Chapter 519, including R.C. 519.25 set forth above.

Facially, we perceive an ambiguity in R.C. 519.25 in that it is unclear whether the requirement that the "resolution adopted by the board" be submitted to the voters was intended to apply only to the resolution adopted pursuant to Section (B) or also to a resolution adopted under Section (A). It is manifest that the General Assembly intended there be only one resolution. The precise question is was it intended that such resolution, however adopted, be submitted to the voters. Further we note the use of "manner" singularly in the fourth line.

The inability of the text writers to agree upon the proper interpretation of R.C. 519.25 attest to an ambiguity in the statute. Baldwins Ohio Township Law states in section 59.29 of the text, the following:

"Repeal of zoning plan

"In any township in which there is in force a plan of township zoning, the plan may be repealed by the board of township trustees either by a resolution adopted on it own initiative or by an election pursuant to R.C. 519.25(B)."

In 10 Ohio Jurisprudence 3d (1979) 452, Buildings, Zoning and Land Controls, Section 245 the following is stated:

"The legislative authority of a county or township may on its own initiative, and must on petition by 8 percent of the electors who voted for candidates for governor in the preceding gubernatorial election, in a township which

has adopted a zoning plan, adopt a resolution submitting to the voters of a zoned township the question whether the zoning regulations of such township shall be repealed. The resolution must be certified to the board of elections at least 90 days prior to the general or primary election at which the question is to be submitted. If a majority of votes cast on the question favor repeal, the zoning regulations of the township are no longer in effect. The question may not be submitted to the electors of a township more than once in any two calendar years." (Footnotes omitted.)

Therefore, pursuant to R.C. 1.49(B) we consider the circumstances under which the statute was enacted. R.C. 514.25 was originally enacted in the 1947 act as G.C. 3180-50 and read as follows:

"In any township in which there is in force a plan of township zoning, the same may be repealed as to said township in the following manner: the board of township trustees (a) may adopt a resolution upon its own initiative; and (b) shall adopt a resolution if there is presented to it a petition signed by a number of qualified voters residing in the unincorporated area of such township included in the zoning plan equal to not less than 8% of the total vote cast for all candidates for governor in such area at the last preceding general election at which a governor was elected, requesting the question of whether or not the plan of zoning in effect in said township shall be repealed to be submitted to the electors residing in the unincorporated area of the township included in the zoning plan, at the next primary or general election. In the event a majority of the vote cast on said question in said township is in favor of repeal of zoning, then said regulations shall no longer be of any force or effect in said township. Not more than one such election shall be held in any two calendar years."

Under the provision, it would appear that from the use of a semi-colon after "initiative" and the use of the comma after "elected", the General Assembly intended that the resolution by the board of township trustees either if adopted by the board on its own initiative or by the required petition of qualified voters, be submitted to the electors in the township for a vote on the issue of repeal.

In the court below, appellee filed a memorandum emphasizing the punctuation in R.C. 519.25 to rebut appellants argument by stating that "[i]f the legislature intended the submission of the question to the electors of the township in all instances, why divide the statute into two paragraphs, separated by a period? If this were the legislative intent, a single paragraph - - - or separation by a comma, or semicolon - - - would be proper. The common rule of grammar calling for the separation of distinct ideas by use of a period is clearly applicable. The trustees may repeal zoning of their own initiative - - - period. Or (new, distinct, separate provision) - - - they may submit it to the electors." Thus, even under appellees' argument, the use of semi-colon and comma in G.C. 3180.50, *supra*, manifests a legislative intent to require the resolution, even if adopted by the trustees on its own initiative, to be submitted to the voters.

In the case *sub judice*, the pivotal issue is the proper interpretation of R.C. 519.25. In adopting the revised code by the 100th General Assembly, 125 Ohio Law, effective January 1, 1954, G.C. 3180.50 was rewritten to read as follows:

"In any township in which there is in force a plan of township zoning, the plan may be repealed as to such township by the board of township trustees in the following manner:

"(A) The board may adopt a resolution upon its own initiative.

"(B) The board shall adopt a resolution if there is presented to it a petition, signed by a number of qualified electors residing in the unincorporated area of such township included in the zoning plan equal to not less than eight per cent of the total vote cast for all candidates for governor in such area at the last preceding general election at which a governor was elected, requesting that the question of whether or not the plan of zoning in effect in such township shall be repealed be submitted to the electors residing in the unincorporated area of the township included in the zoning plan at the next primary or general election. Such resolution shall be filed with the board of elections not later than four p.m. of the ninetieth day before the day of the election. In the event a majority of the vote cast on such question in the township is in favor of repeal, then such regulations shall no longer be of any effect. Not more than one such election shall be held in any two calendar years."

Did the rewording utilizing separate distinct paragraphs in (A) and (B) manifest an intention of the General Assembly to change the meaning of the section from that in G.C.

3180.50? The plain answer is unequivocally no. The reason is that in adopting the Revised Code, R.C. 1.24 enacted therein, now repealed, *see now* R.C. 1.30, read as follows:

"Intent provisions.

"That in enacting this act it is the intent of the General Assembly not to change the law as heretofore expressed by the section or sections of the General Code in effect on the date of enactment of this act. The provisions of the Revised Code relating to the corresponding section or sections of the General Code shall be construed as restatements of and substituted in a continuing way for applicable existing statutory provisions, and not as new enactments."

The Supreme Court in *State v. Kotapish* (1960), 171 Ohio St. 349, 352 observed that "[i]n adopting the Revised Code, the General Assembly specifically stated in Section 1.24 that it did 'not' intend 'to change the law as heretofore expressed by the section or sections of the General Code.'" See *Henry v. Central Nat. Bank* (1968), 16 Ohio 2d 16 for an in-depth discussion of the effect of the 1953 adoption of Revised Code upon prior general code sections.

We consider it significant that the General Assembly deemed township zoning of such importance that it delegated board authority to enact zoning by resolution only upon approval of the voters. It would appear an anomaly that the General Assembly would delegate such authority to the voters and at the same time intend the will of the voters to be negated, for whatever reason, if the board of township trustees disagreed. While R.C. 519.25 has been subsequently amended, the portion respecting repeal by resolution of the board has remained as originally enacted in 1953. Given what we perceive as the clear intent of the General Assembly in G.C. 3180-50 that the resolution must be submitted to voters, even if adopted by a board of trustees upon its own initiative, and such intent remained the same in adopting in 1953 R.C. 519.25, we hold the initial action of the trustees in failing to submit the issue of repeal to the voters was contrary to law and the court below erred in holding such action proper and lawful.[2]

Accordingly, both assignments of error are sustained, the judgment reversed, and final judgment entered in favor of appellants.

*Judgment reversed.*

ABELE, J., concurs in judgment and opinion.

GREY, J., dissenting.

I respectfully dissent. I believe the trial court is correct in its holding that the statute is clear on its face, and ought to be applied as enacted, *Wachendorf v. Shaver* (1948), 149 Ohio St. 231.

The language of R.C. 519. 25.(A) is unambiguous and not open to construction. It means what it says.

The majority opinion says there is a facial ambiguity in R.C. 519.25(B), citing part of that section, "resolution adopted by the board..." out of context. The majority says this language may be construed to include resolutions adopted under 519.25(A). However, the entire phrase reads, "The resolution adopted by the board of trustees *to cause such question to be submitted to the* electorate...". The underlined language is an. adjectival phrase modifying the word resolution so as to distinguish it from any other resolution, including a resolution adopted pursuant to R.C. 519.25(A).

I cannot conceive of any more explicit language that that used in R.C. 519.25(A) to express the legislature's intent to permit zoning to be repealed by a resolution of the board of trustees. This legislative decision whether it be good or bad, ought not to be "construed" out of existence.

Thus I dissent.

---

[1] Although we do not reach the question, we note the rationale of our holding herein may arguably be applicable to the authority of boards of county commissioners under R.C. 303.25 to repeal a county zoning plan given the near identity of wording in R.C. 305.25 and R.C. 519.25 and their similar derivation from the general code.

[2] The ongoing concern of the General Assembly to permit voter participation in both county and township zoning is manifest in the adoption in Am. H.B. 101 (139 Ohio Law 101), effective September 25, 1981, granting the right of referendum to amendments of supplements to a county or township zoning resolutions.