DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Pike County Court of Common Pleas which presents a single question of law.
 {¶ 2} The facts are not in dispute. Appellants obtained a judgment in the Pike County Court of Common Pleas in the sum of $837,518.22 against Nathaniel Booth who had been Chief of Police of the Village of Piketon. Appellants filed a supplemental petition pursuant to R.C. 3929.06 against the Public Entities Pool of Ohio and the Village of Piketon seeking to collect on that judgment. The Village of Piketon was dismissed as a party, and PEP filed a motion for judgment on the pleadings under Civ.R. 12(C). The trial court granted the motion, and Appellants take this appeal designating two assignments of error: Assignment of Error 1. "The trial court committed reversible error in granting Defendant-Appellee Public
 {¶ 3} Entities Pool of Ohio (PEP's) motion on the pleadings." Assignment of Error 2. "The trial court committed reversible error in failing to find PEP provides coverage for the damage arising from the acts and omissions of political subdivisions or any of its employees, and as a result, is covered by R.C.3929.06."
 {¶ 4} The standard of review for a Civ.R. 12(C) motion is well established. A motion for judgment on the pleadings pursuant to Civ.R. 12(C), presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings. The party against whom the motion is made is entitled to have all the material allegations in his complaint with all reasonable inferences to be drawn there from, construed in his favor as true. Peterson v. Teodosio (1973), 34 Ohio St.2d 161. Entry of judgment pursuant to Civ.R. 12(C) is only appropriate "where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn there from, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." State ex rel. Midwest PrideIV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570. See, also,Hester v. Dwivedi (2000), 89 Ohio St.3d 575.
 {¶ 5} Appellants' case rests entirely on R.C. 3929.06 (A)(2), which provides:
 {¶ 6} "(2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor." (Emphasis added.)
 {¶ 7} R.C. 3929.06 (A)(2) permits a supplemental petition against an insurer, so the precise issue in this case is: Can Appellants prove any set of facts that show that the Public Entities Pool of Ohio is an insurer? The answer to that question is no.
 {¶ 8} R.C. Chapter 2744 deals with self-insurance and pool risk management for political subdivisions. R.C. 2744.081 (E)(2) states:
 {¶ 9} "A joint self-insurance pool is not an insurance company. Its operation does not constitute doing an insurance business and is not subject to the insurance laws of this state."
 {¶ 10} The language of the statute is clear. Wachendorf v.Shaver (1948), 149 Ohio St. 231, paragraph five of the syllabus, directs courts to apply and not construe clear statutory language:
 {¶ 11} "The court must look to the statute itself to determine legislative intent, and if such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act, and in the absence of any definition of the intended meaning of words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection in which they are used."
 {¶ 12} Wachendorf is still good law. See, for example,Fostoria v. CSX RR. (1999), 134 Ohio App.3d 171.
 {¶ 13} The clear intent of the legislature is that risk pools formed by political subdivisions are not to be considered insurers or insurance companies. That being the case, even after construing the facts here most favorably toward appellants, the unavoidable conclusion is that they cannot prevail on their R.C.3929.06 petition.
 {¶ 14} Based on the foregoing, this court finds that Assignments of Error I and II are not well taken and are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellants costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, P.J. and Abele, J.: Concur in Judgment and Opinion.
Judge Lawrence Anthony Grey, retired from the Fourth DistrictCourt of Appeals, sitting by assignment of the Supreme Court ofOhio in the Fourth District Court of Appeals.