O’Connor, C.J.,
concurring.
{¶ 17} I fully concur in the per curiam opinion. I write separately to explain the flaws in the dissenting opinion’s analysis of the Upper Arlington City Charter.
{¶ 18} The dissent suggests that the reference to “the next general election” in Section IV of the charter “unmistakably” refers to the next general election for municipal office, which will not occur until November 2017. Dissenting opinion at ¶ 30. But in order to reach the desired result, the dissent must add words to the charter that are not there: the words ‘for municipal office” are conspicuously absent from Section IV.
{¶ 19} Section IV is the only charter provision to use the phrase “general election.” Section VII, which governs elections, refers to “[rjegular municipal elections” and “special municipal elections.” If the drafters of the charter had intended “general election” in Section IV to mean the same thing as “regular municipal election” in Section VII, they would have used the same phrase in both places. They did not.
{¶ 20} “General election” is not a defined term in the city charter, but it is a defined term in the Ohio Revised Code. It means “the election held on the first Tuesday after the first Monday in each November.” (Emphasis added.) R.C. 3501.01(A). Nothing in the charter purports to alter or supersede this definition.
{¶ 21} The dissent’s analysis turns on the inclusion of a word, “municipal,” that is not in the statute and not in the controlling charter provision. But we may not include language in a statute that the General Assembly omitted. Rather, when construing a statute, we must give effect to all the enacted language, Church of God in N. Ohio, Inc. v. Levin, 124 Ohio St.3d 36, 2009-Ohio-5939, 918 N.E.2d 981, ¶ 30, and we may not enlarge the statutory language, Weaver v. Edwin Shaw Hosp., 104 Ohio St.3d 390, 2004-Ohio-6549, 819 N.E.2d 1079, ¶ 13, quoting Wachendorf v. Shaver, 149 Ohio St. 231, 78 N.E.2d 370 (1948), paragraph five of *343 the syllabus (statutes “ ‘may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act’ ”).
{¶ 22} Finally, the dissent draws an unconvincing parallel with the constitutional procedure for filling judicial vacancies. When a judicial vacancy occurs, the replacement election does not automatically occur at the next general election; rather, it waits until the next general election in an even-numbered year, when judicial elections are held. According to the dissent, the same rule should apply to council elections in Upper Arlington.
{¶ 23} But the same rule does not apply, because the language in the Constitution is significantly different from that of the Upper Arlington City Charter. When a judicial vacancy occurs, the governor appoints someone to hold the seat until a successor is elected for the unexpired term “at the first general election for the office which is vacant that occurs more than forty days after the vacancy shall have occurred.” (Emphasis added.) Article IV, Section 13, Ohio Constitution. Thus, the Constitution expressly states that the replacement election does not occur until the next time judicial offices appear on the ballot in the ordinary course.
{¶ 24} To make the Upper Arlington City Charter and the Ohio Constitution say the same thing, the dissent must add language to the former or delete language from the latter. It has the power to do neither. The deletion of the people’s language in the constitutional provision is as improper as the inclusion of statutory language not provided by the drafters of the Upper Arlington City Charter or by the General Assembly. State ex rel. Summit Cty. Republican Party Executive Commt. v. Brunner, 118 Ohio St.3d 515, 2008-Ohio-2824, 890 N.E.2d 888, ¶ 26 (O’Donnell, J., concurring), citing Columbus-Suburban Coach Lines, Inc. v. Pub. Util. Comm., 20 Ohio St.2d 125, 127, 254 N.E.2d 8 (1969) (“it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used”). See also Church of God in N. Ohio, Inc., 124 Ohio St.3d 36, 2009-Ohio-5939, 918 N.E.2d 981, at ¶ 30; Weaver, 104 Ohio St.3d 390, 2004-Ohio-6549, 819 N.E.2d 1079, at ¶ 13, quoting Wachendorf, 149 Ohio St. 231, 78 N.E.2d 370, at paragraph five of the syllabus; State v. Rose, 89 Ohio St. 383, 387, 106 N.E. 50 (1914) (“Where there is no doubt, no ambiguity, no uncertainty as to the meaning of the language employed by the Constitution makers, there is clearly neither right nor authority for the court to assume to interpret that which needs no interpretation and to construe that which needs no construction”).
{¶ 25} Accordingly, I concur in the per curiam opinion and judgment granting the writ.