[Cite as *Myers v. Dept. of Taxation*, 2019-Ohio-2760.]

| | |
|---|---|
| TIMOTHY M. MYERS | Case No. 2018-01207PQ |
| Requester | Judge Patrick M. McGrath |
| v. | DECISION |
| DEPARTMENT OF TAXATION | |
| Respondent | |
| and | |
| PRECOURT SPORTS VENTURES, LLC, et al. | |
| Intervening Respondents | |

## I.      Introduction

{¶1} Requester Timothy M. Myers, respondent Ohio Department of Taxation (Department), and intervening respondents Precourt Sports Ventures, LLC, Team Columbus Soccer, L.L.C., and Crew Soccer Stadium Limited Liability Company object to a special master's report and recommendation (R&R) issued on April 25, 2019.  In the R&R the special master recommended redaction and production of tax filings requested by Myers.  Myers has clarified the records he seeks, stating in his objections:

> I have no interest in receiving employee tax withholding records of the Intervenors [Precourt Sports Ventures, LLC, Team Columbus Soccer, L.L.C., and Crew Soccer Stadium Limited Liability Company].  Also, given the burden that I anticipate would be placed upon the Department of Taxation to redact the numerous sales tax records, I will forego my right at this time to receive these records as I believe they will be of limited value to my research.  <u>Therefore, the relevant tax records for my request are the pass-through entity tax records (with any additional filings related to them) and the commercial activity tax records.</u>

(Objections, 3.)

## II.    **Background**

{¶2} On August 16, 2018, Myers sued the Department pursuant to R.C. 2743.75(D), alleging that the Department denied his request for "an opportunity to inspect or obtain copies of any tax filings or records for the years 2012 through 2017 for the LLCs [limited liability companies] that constitute the Columbus Crew SC soccer team."  Myers claimed that the limited liability companies were subject to public-records requests by virtue of R.C. 5709.081(D).

{¶3} The court appointed an attorney as a special master in the cause.  The court, through the special master, referred the case to mediation.  After mediation failed to successfully resolve all disputed issues between the parties, the court returned the case to the special master's docket.

{¶4} The Department filed a response and a supplemental response to Myers' complaint.  The special master ordered the Department to file under seal any record responsive to Myers' request.  On motion by Precourt Sports Ventures, LLC, Team Columbus Soccer, L.L.C., and Crew Soccer Stadium Limited Liability Company (collectively Intervenors), the special master granted a request to intervene in the cause.  The special master also permitted additional briefings.

{¶5} On April 25, 2019, the special master issued an R&R wherein he determined that the records filed under seal fell within four categories.  (R&R, 2.)  The special master found that the records filed under seal were not categorically exempt from disclosure, but the Department was required to redact certain information from each record before the records were provided to Myers.  (R&R, 5-6, 9.)

{¶6} Four business days after Myers received a copy of the R&R, Myers filed written objections to the R&R with Myers certifying that he sent a copy of his objections "by regular U.S. Mail" to counsel for the Department and Intervenors.

{¶7} Seven business days after the Department received a copy of the R&R, the Department filed written objections to the R&R with the Department's counsel certifying that she sent a copy of the objections to the other parties by "electronic mail."  Later, the Department's counsel filed a notice, indicating that she mistakenly did not serve the Department's objections by certified mail, return receipt requested (as required by R.C. 2743.75(F)(2)), but she subsequently corrected the oversight.  And seven business days after the Department received a copy of Myers' objections, the Department filed a response to Myers' objections and with the Department's counsel certifying that she sent a copy of the response to the other parties "by certified U.S. Mail, return receipt requested."

{¶8} Six days business days after Intervenors received a copy of the R&R, the Intervenors filed written objections to the R&R with Intervenors' counsel certifying that she sent a copy of Intervenors' objections to the other parties "by certified U.S. Mail" without indicating whether a "return receipt" was requested.  And seven business days after the Intervenors received a copy of Myers' objections, Intervenors filed a response to Myers' objections with Intervenors' counsel certifying that she sent a copy of Intervenors' response to the other parties "by certified U.S. Mail" without indicating whether a "return receipt" was requested.

### III.   Law and Analysis

### A. R.C. 2743.75(F)(2) establishes procedural requirements for objections and responses.

{¶9} R.C. 2743.75(F)(2) permits a party to object to a special master's R&R in a public-records dispute brought under R.C. 2743.75.  Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested.  * * * If either party timely objects, the other party may file with the clerk a response within

seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

Applying R.C. 2743.75(F)(2), the court finds:

(1) Myers' objections are timely filed, but the objections are procedurally irregular because Myers failed to send a copy of his objections to the Department and Intervenors "by certified mail, return receipt requested," as required by R.C. 2743.75(F)(2);

(2) the Department's objections are timely filed as required by R.C. 2743.75(F)(2). The Department's response to Myers' objections is timely filed and comports with R.C. 2743.75(F)(2) and

(3) Intervenors' objections and their response to Myers' objections are timely filed and partially comport with R.C. 2743.75(F)(2)'s procedural requirement.

{¶10} Notwithstanding the procedural irregularity of Myers' objections and Intervenors' objections and response, the court accepts Myers' objections and Intervenors' objections and response.

## B. Myers' Objection

{¶11} Myers' objection "concerns the determination on page six [of the R&R] that the Intervenors are not public bodies." (Objection, 1.) Myers maintains that Intervenors are "public bodies" under R.C. 5709.081(D).

{¶12} Division (D) of R.C. 5709.081 (which pertains to the exemption from taxation of certain publicly owned athletic facilities) provides: "A corporation that owns property exempt from taxation under division (B) of this section is a public body for the purposes of [R.C. 121.22]. The corporation's records are public records for the purposes of [R.C. 149.43], except records related to matters set forth in [R.C.

121.22(G)] and records related to negotiations that are not yet completed for financing, leases, or other agreements.".

{¶13} In the R&R, after the special master quoted R.C. 5709.081(D), he stated that "* * * the evidence does not establish that any of the four entities is a 'public body' under this definition.  R.C. 5709.081(D) applies only to 'a *corporation* that owns public property exempt from taxation."  The evidence before the court shows that all four entities are limited liability companies, not corporations, and thus R.C. 5709.081(D) does not apply." (Emphasis sic.)  (R&R, 6.)

{¶14} When determining the meaning of the term "corporation" in the statute, the paramount consideration is legislative intent.  *State v. Jackson*, 102 Ohio St.3d 380, 2004-Ohio-3206, 811 N.E.2d 68, ¶ 34.  The Ohio Supreme Court has held: "[T]he intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact.  That body should be held to mean what it has plainly expressed, and hence no room is left for construction."  *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus.

{¶15} Since the statute plainly and unambiguously uses the term "corporation," there is no need to resort to rules of statutory interpretation.  The General Assembly is presumed to have used the word "corporation" advisedly in R.C. 5709.081(D).  *See Wachendorf v. Shaver*, 149 Ohio St. 231, 236-237, 78 N.E.2d 370 (1948) ("the Legislature must be assumed or presumed to know the meaning of words, to have used the words of a statute advisedly and to have expressed legislative intent by the use of the words found in the statute").  Here, the evidence before the court indicates that Intervenors are limited liability companies—not corporations.  It follows therefore that R.C. 5709.081(D), which pertains to corporations, is inapplicable in this instance.

{¶16} Myers' objection is not well-taken. The court determines that Myers' objection should be overruled.

## C. The Department's Objection

{¶17} The Department presents one objection: "The Special Master erred in concluding that the tax returns are not categorically exempt from the definition of public records under R.C. 149.03(A)(1)(v)." (Objections, 5.) The Department maintains that withholding the requested tax returns is required because the filing of a tax return is a "transaction" and "the fact of [a filing of a tax return] is confidential information as to the 'transactions, property, or business of any person' within the meaning of R.C. 5703.21, R.C. 5747.18, and R.C. 5751.12."

{¶18} Myers has invoked R.C. 149.43 to support a contention that Intervenors' tax filings for 2012 through 2017 constitute "public records," to which he has been improperly denied access. The term "records," as used in R.C. Chapter 149, "includes any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in [R.C. 1306.01], created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G). For the requested tax filings to be "records" for purposes of R.C. 149.011(G) and 149.43, the tax filings are therefore required to be (1) documents, devices, or items, (2) created or received by or coming under the jurisdiction of the Department, (3) that serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the Department. *See State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 31 (discussing documents electronically recorded by a recorder's office).

{¶19} Intervenors' tax filings satisfy the first two requirements of the three-part definition of "records" under R.C. 149.011(G) and 149.43 because the tax filings are

documents that are received by the Department or come under the Department's jurisdiction. *Id.* at ¶ 32. Additionally, Intervenors' tax filings reflect the Department's compliance with statutory duties. *See* R.C. 5703.05 (powers and duties of the department of taxation). The tax filings thus document the organization, functions, policies, decisions, operations, or other activities of the Department. *See State ex rel. Data Trace Information Servs., L.L.C.* at ¶ 38. The court determines that Intervenors' tax filings constitute "records" for purposes of R.C 149.43.

{¶20} As used in R.C. 149.43, the term "public record" "means records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, and records pertaining to the delivery of educational services by an alternative school in this state kept by the nonprofit or for-profit entity operating the alternative school pursuant to [R.C. 3313.533]." R.C. 149.43(A)(1). But, according to R.C. 149.43(A)(1)(v), the term "public record" does not mean "[r]ecords the release of which is prohibited by state or federal law." Consequently, under R.C. 149.43(A)(1)(v) if state or federal law prohibits the release of a record, then the record does not constitute a "public record" for purposes of the Ohio Public Records Act. However, as stated by the Ohio Supreme Court: "Exceptions to the Public Records Act 'must be strictly construed against the public-records custodian, and a records custodian bears the burden of establishing the applicability of an exception.' *State ex rel. Physicians Commt. for Responsible Medicine*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, at ¶ 28. To meet its burden, the records custodian must prove that the requested records 'fall squarely within the exception.' *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10." *State ex rel. Rogers v. Dept. of Rehab. & Correction*, 2018-Ohio-5111, ¶ 7.

{¶21} Several statutes support the notion that, as a general matter, information contained in tax filings is confidential. *See, e.g.*, R.C. 5747.18 (general duties of the tax commissioner) (stating that any information "gained as the result of returns,

investigations, hearings, or verifications required or authorized by this chapter is confidential * * *"); R.C. 5731.90 (estate tax returns) (subject to exceptions, "the following and any of their contents are confidential; are not subject to inspection or copying as public records pursuant to section 149.43 of the Revised Code * * *"); R.C. 5751.12 (tax commissioner recordkeeping requirements) (noting that any information "required by the commissioner under this chapter is confidential as provided for in section 5703.21 of the Revised Code").

{¶22} Pursuant to R.C. 5703.21(A), except as provided in R.C. 5703.21(B) and (C), "no agent of the department of taxation, except in the agent's report to the department or when called on to testify in any court or proceeding, shall divulge any information acquired by the agent as to the transactions, property, or business of any person while acting or claiming to act under orders of the department."  R.C. 5703.21(A) does not define the term "transactions."  Because the term "transactions" is undefined, the term's common, everyday meaning applies.  *See Satterfield v. Ameritech Mobile Communications, Inc.*, Slip Opinion No. 2018-Ohio-5023, ¶ 18, reconsideration denied, 2019-Ohio-601 R.C. 1.42.  In common usage, the term "transaction" means the "act or an instance of conducting business or other dealings * * *."  *Black's Law Dictionary* 1726 (10th Ed.2014).  Thus, subject to exceptions contained R.C. 5703.21(B) and (C) which, based on the court's review do not apply in this instance, the Department's agents are not permitted to divulge any acquired information as to any person's acts of conducting business or other dealings, property, or business.

{¶23} To support a view that the requested records should be redacted and produced, the special master reasoned: "The term 'information' as used in public records laws is not synonymous with 'record.'  *Budson v. Cleveland*, Ct. of Cl. No. 2018-00300PQ, 2019-Ohio-963, ¶ 16-19.  Thus, 'R.C. 5703.21 [does] not prohibit the release of tax returns, in and of themselves, but only * * * specified information likely to be on the forms.' 1990 Ohio Atty.Gen.Ops. No. 1990-102, * 10."  (R&R, 5.)  But, even if certain

information in the requested records were redacted in this instance, as recommended by the special master, the redacted records seemingly would contain information acquired by the Department's agents about Intervenors' transactions, property, or business—the release of which is generally prohibited by R.C. 5703.21(A).

{¶24} When the General Assembly enacts a statute, it is presumed that the General Assembly intends a "just and reasonable result." R.C. 1.47(C). In *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, the Ohio Supreme Court directed that statutes relating to the same matter or subject should be read together to determine legislative intent. *D.A.B.E., Inc.* states:

> "Statutes relating to the same matter or subject, although passed at different times and making no reference to each other, are *in pari materia* and should be read together to ascertain and effectuate if possible the legislative intent." *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 58 O.O. 315, 132 N.E.2d 191, paragraph two of the syllabus. Further, in reading such statutes and construing them together, we must arrive at a reasonable construction giving the proper force and effect, if possible, to each statute. *Maxfield v. Brooks* (1924), 110 Ohio St. 566, 2 Ohio Law Abs. 116, 144 N.E. 725, 21 Ohio L. Rep. 500, paragraph two of the syllabus.

*Id.* at ¶ 20.

{¶25} When R.C. 149.43(A)(1)(v) (excepting the release of a public record due to a prohibition by state or federal law) is viewed *in pari materia* with R.C. 5703.21 (general prohibition against divulging any information acquired by the Department's agent as to the transactions, property, or business of any person), the court determines that R.C. 149.43(A)(1)(v) prohibits the release of the requested records because, if the Department's agent were to release the requested records (even if redacted), then such action would contravene R.C. 5703.21(A)'s general prohibition against the divulging of any information acquired by the Department's agents as to the transactions, property, or business of any person (except in an agent's report to the Department or when called on to testify in any court or proceeding).

{¶26} The court nonetheless is cognizant that the Ohio Supreme Court has directed that the Ohio Public Records Act is required to be accorded liberal construction in favor of access to public records. *See State ex rel. Luken v. Corp. for Findlay Mkt. of Cincinnati*, 135 Ohio St.3d 416, 2013-Ohio-1532, 988 N.E.2d 546, ¶ 15.  The Ohio Supreme Court, however, has held that a "direction to liberally construe a statute in favor of certain parties will not authorize a court to read into the statute something which cannot reasonably be implied from the language of the statute." *Szekely v. Young*, 174 Ohio St. 213, 213, 188 N.E.2d 424 (1963), paragraph two of the syllabus.  In this instance, if R.C. 5703.21 were to be interpreted to only prohibit the release of specified *information* on a tax return, as the special master has recommended (R&R, 5), then under the Ohio Public Records Act any requester effectively would, as a matter of law, be entitled to redacted tax returns of any person or entity.  To construe R.C. 149.43(A)(1)(v) and R.C. 5703.21 *in pari materia* in such a manner gives rise to a literal interpretation of R.C. 5703.21 that, in the court's view, would result in consequences that are manifestly contrary to legislative intent or that are manifestly contrary to a just and reasonable result.  *See Slater v. Cave*, 3 Ohio St. 80, 83 (1853); *see also State ex rel. Clay v. Cuyahoga Cty. Med. Exam'rs Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 23.

{¶27} The court concludes that the Department has met its burden to prove that the requested records fall squarely within the R.C. 149.43(A)(1)(v)'s exception.  The court further concludes that the Department's objection should be sustained.

### D. Intervenors' Objection

{¶28} Intervenors object to the special master's R&R, stating: "While the Crew LLCs [Precourt Sports Ventures, LLC, Team Columbus Soccer, L.L.C., and Crew Soccer Stadium Limited Liability Company] agree that if any portion of the Crew LLC's tax records are produced those records should be heavily redacted, the Crew LLCs object to the portion of the [report and recommendation] that requires any of their tax

records to be produced." In view of the court's disposition of the Department's objection, the court determines that Intervenors' objection should be sustained.

### IV. Conclusion

{¶29} For reasons set forth above, and the court holds that Myers' objection should be overruled, that the Department's objection should be sustained, and that Intervenors' objection should be sustained.

_____
PATRICK M. MCGRATH

[Cite as *Myers v. Dept. of Taxation*, 2019-Ohio-2760.]

| | |
|---|---|
| TIMOTHY M. MYERS | Case No. 2018-01207PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| DEPARTMENT OF TAXATION | |
| Respondent | |
| and | |
| PRECOURT SPORTS VENTURES, LLC, et al. | |
| Intervening Respondents | |

{¶30} For the reasons set forth in the decision filed concurrently herewith, and upon independent review of the objected matters, the court (1) OVERRULES requester's objection to the special master's report and recommendation (R&R) of April 25, 2019, (2) SUSTAINS respondent's objection to the R&R, and (3) SUSTAINS intervening respondents' objection to the R&R.  The court modifies the special master's R&R, as set forth in the decision filed concurrently herewith.  The court does not adopt the special master's recommendation to find that the requested records "must be produced, redacted to obscurely only information prohibited from disclosure by statute, as detailed [in the R&R]."  Judgment is rendered in favor of respondent and intervening respondents.  Court costs are assessed against requester.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

Filed June 11, 2019
Sent to S.C. Reporter 7/5/19