OPINION
{¶ 1} Defendants-appellants, Locations, Ltd., and Jack K. Beatley ("appellants") appeal from a judgment entered against them on June 19, 2003, by the Franklin County Municipal Court, in favor of plaintiff-appellee, Michael Paul Bodmann. For the reasons that follow, we reverse.
 {¶ 2} On November 12, 2002, appellee filed a complaint in the Franklin County Municipal Court, Small Claims Division, seeking damages from appellants for the alleged wrongful withholding of part of a security deposit at the expiration of a residential lease agreement. Also on November 12, 2002, appellee initialed a "Form CV-81" entitled, "Waiver of Notification and Instructions for Service." This form contained the following language:
If service of process by certified mail is returned by the postal authorities with an endorsement of "refused" or "unclaimed" and if the certificate of mailing can be deemed complete not less than five (5) days before any scheduled hearing, the undersigned waives notice of the failure of service by the clerk and requests ordinary mail service in accordance with civil rule 4.6(c) or (d) and O.R.C. 1923.06.
(Emphasis sic.)
 {¶ 3} The clerk scheduled the trial of the matter for December 5, 2002. On November 14, 2002, the clerk attempted to serve appellants with separate notices of the filing of the action, via certified mail. On November 20, 2002, the certified mail envelopes were returned to the clerk marked "unclaimed." On November 27, 2002, apparently pursuant to the initialed Form CV-81 found in the court file, the clerk issued new notices to appellants, this time via ordinary mail. Like the earlier notices, this second set directed appellants to appear for trial on December 5, 2002. The ordinary mail envelopes were not returned undelivered. Upon appellants' failure to appear at the scheduled trial, the magistrate rendered a decision granting judgment by default against appellants. By entry journalized December 9, 2002, the court adopted the magistrate's decision.
 {¶ 4} On December 13, 2002, appellants filed a request for findings of fact and conclusions of law. They also filed an objection to the magistrate's decision pursuant to Civ.R. 53(E) and, alternatively, a motion for relief from judgment pursuant to Civ.R. 60(B). Therein, appellants argued that the court impermissibly failed to comply with the requirements of R.C. 1925.05 in serving them with process, and also failed to afford them a sufficient amount of time between their receipt of notice of the action and the trial date. Through the affidavit of Mr. Beatley submitted with the motion, appellants stated that the ordinary mail notice had been received in appellants' office on Friday, November 29, 2002, or six days prior to the scheduled trial date.
 {¶ 5} Appellants pointed out that R.C. 1925.05(B) requires that, after the first notice is returned unclaimed, if the plaintiff requests that a subsequent notice be issued, the clerk must set the trial for a subsequent date. Because the clerk did not comply with R.C. 1925.05(B) by rescheduling the trial date, according to appellants, the December 5, 2002 trial should never have been held. Appellants stated that they had had meritorious defenses to the allegations in the complaint, in that appellee did not himself pay the security deposit in question, and that all deductions from the security deposit were lawful. Appellants attached an itemized statement of the deductions made from the security deposit at issue.
 {¶ 6} On February 26, 2003, the court held an evidentiary hearing to consider the Civ.R. 60(B) motion. The next day, the trial court overruled the motion, remanded the matter to the magistrate on the request for findings of fact and conclusions of law, and ordered a stay of the execution of the judgment. On May 5, 2003, the magistrate filed a supplemental decision, which included findings of fact and conclusions of law. Therein, the magistrate found that appellee had presented credible testimony that he is due $788 from appellants for the wrongful withholding of his security deposit. With no contrary evidence before him, the magistrate found that appellee's evidence supported the conclusion that appellants wrongfully withheld appellee's security deposit. By entry journalized May 13, 2003, the trial court adopted the magistrate's supplemental decision. Also on May 13, 2003, appellants filed objections to the magistrate's supplemental decision and requested an evidentiary hearing. These objections contained the same arguments that appellants had set forth in their first set of objections. On June 19, 2003, the trial court overruled appellant's supplemental objections, entered judgment in favor of appellee in accordance with the magistrate's recommendation, and lifted the stay of execution.
 {¶ 7} Appellants timely appealed the entry of judgment by default, and present three assignments of error for our review, as follows:
I. The trial court erred in granting judgment to the plaintiff-appellee because defendants-appellants were not afforded adequate or proper notice of the trial date.
II. The trial court abused its discretion in overruling defendants-appellants' objections and adopting the magistrate's report and recommendations.
III. The trial court erred in granting judgment in favor of plaintiffs-appellants [sic] because the magistrate failed to take sworn testimony at the small claims trial of this matter relying instead on the allegations of the complaint and the unsworn representations of the plaintiff.
 {¶ 8} Appellants' arguments in support of their first and second assignments of error are interrelated and will be addressed together. As before, appellants argue that service of process was not made in accordance with R.C. 1925.05 and, therefore, a valid judgment could not be rendered against them. They argue they were deprived of due process and were denied a fair opportunity to present a defense because the trial court failed to reschedule the trial date when it mailed the second notice of the action. They also argue that the trial court should have sustained their objections to the first magistrate's decision when appellants brought the foregoing matter to the court's attention at that time.
 {¶ 9} Chapter 1925 of the Ohio Revised Code governs proceedings in the small claims division of a municipal court. R.C. 1925.05(A) prescribes that notice of the filing of an action in small claims court "shall be served on the defendant as provided by the Rules of Civil Procedure." R.C. 1925.05(B) requires that "[i]f the notice is returned undelivered or if in any other way it appears that notice has not been received by the defendant, at the request of the plaintiff or his attorney, a furthernotice shall be issued, setting the trial for a subsequent date, to be served in the same manner as a summons is served in an ordinary civil action." (Emphasis added.)
 {¶ 10} The plain language of this statute requires the clerk to set the trial for a date subsequent to the originally assigned date whenever the clerk sends a further notice of the action, pursuant to the plaintiff's or his attorney's request for such further notice. In the present case, the Form CV-81 waiver operated as a request for a further notice to be issued, even though such request was made prior to the failure of the initial service attempt. Pursuant to the plain language of R.C. 1925.05(B), it was mandatory that the further notice contain a new, rescheduled trial date. The record discloses that the second notice did not contain a rescheduled trial date and thus did not comply with the statute.
 {¶ 11} The basic issue presented by appellants' first and second assignments of error, then, is whether the trial court erred in entering a default judgment against them under the circumstances of this case. There is a distinction to be made between the separate requirements in R.C. 1925.05(B) that defendants be given notice of the pendency of the action and that they be given a rescheduled trial date (and notice thereof) upon the sending of a further notice when the first notice fails to reach the defendants. Though appellants do not appear to argue that they had no notice of the pendency of the action (and, indeed, they could not credibly do so), they do argue that they were not provided with the rescheduled trial date mandated by R.C. 1925.05(B) and to which they were lawfully entitled.
 {¶ 12} As the Fourth Appellate District noted in Hays v. Crow (Dec. 1, 1982), 4th Dist. No. 472, "[t]he evident purpose of setting a new trial date is to allow the defendant an opportunity to appear and defend." Id., 1982 Ohio App. LEXIS 14746, at *5. That court reversed a trial court's grant of a default judgment in a case where, as here, the trial date was not reset upon the issuance of further notice and summons following the return, unclaimed, of attempted certified mail service.
 {¶ 13} In the present case, the requirement of a rescheduled trial date was not met, though R.C. 1925.05(B) demands it, and the trial court entered a default judgment despite this failure. Inasmuch as the mandatory requirement that the trial date be rescheduled to a subsequent date was not observed, the entry of default judgment was improper. SeeAMCA International Corp. v. Carlton (1984), 10 Ohio St.3d 88, 90-91, 10 OBR 417, 461 N.E.2d 1282. If we were to affirm the default judgment entered in this case we would render ineffective and meaningless the requirement in the plain language of R.C. 1925.05(B) that a subsequent notice sent to the defendant contain a rescheduled trial date.
 {¶ 14} The purpose of service of process is both to notify a defendant that a judicial proceeding has been commenced against him, and also to provide him with an opportunity to appear and defend himself. Zachary v.White (1971), 26 Ohio Spp.2d 97, 99, 55 O.O.2d 217, 269 N.E.2d 625. Both components of proper service are just as important in small claims court as they are in the court of common pleas, despite the fact that small claims court is "intended to provide a forum for people with relatively small, uncomplicated claims to seek redress without the need for attorney representation," Klemas v. Flynn (1993), 66 Ohio St.3d 249, 252,611 N.E.2d 810, and to "provide for the efficient, informal and inexpensive adjudication of small claims." Neroni v. Bendersky (Apr. 28, 1998), 8th Dist. No. 53885, 1998 Ohio App. LEXIS 1536, at *4.
 {¶ 15} A small claims action does not contemplate the use of a formal answer served upon the plaintiff and filed with the court prior to trial. For this reason, it is all the more necessary to ensure, by means of statutorily proper service of summons, that all defendants have been notified of the pendency of proceedings and have been afforded sufficient time to prepare and present a defense. This advances the dual goals of judicial economy and efficient use of the small claims plaintiff's time and resources.
 {¶ 16} To this end, R.C. 1925.05 is designed to ensure that necessary parties to an action are properly served with process and that they are afforded adequate time to prepare for trial. In including the trial scheduling provision in paragraph (B), the General Assembly plainly sought to ensure that additional time to prepare for trial would automatically be afforded a defendant upon his receipt of notice in any attempt at service other than the initial one, without placing the onus upon the defendant to request a continuance. It is not our place to opine regarding the practicality or wisdom of such a legislative choice; we are bound to give effect to it when, as here, it has been clearly expressed in the words used in the statute. If legislative intent "is clearly expressed [in the statute], the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act * * *." Weaver v. Edwin Shaw Hosp., 104 Ohio St.3d 390,2004-Ohio-6549, 819 N.E.2d 1079, at ¶ 13, quoting Wachendorf v. Shaver
(1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus. See, also, State v. Maxwell, 95 Ohio St.3d 254,2002-Ohio-2121, 767 N.E.2d 242, at ¶ 10. Because the trial date was not rescheduled upon the mailing of the subsequent notice in this case, in contravention of the plain language of R.C. 1925.05(B), the default judgment entered against appellants must be reversed. For all of the foregoing reasons, appellants' first and second assignments of error are sustained.
 {¶ 17} Our resolution of appellants' first and second assignments of error renders moot the third assignment of error. Having sustained appellants' first and second assignments of error, we vacate the judgment of the Franklin County Municipal Court, and remand this cause to that court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Brown, P.J., and Bryant, J., concur.