[Cite as *CP Properties of Shaker, L.L.C. v. Eaton*, 2011-Ohio-6085.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96945

---

# CP PROPERTIES OF SHAKER, LLC

### PLAINTIFF-APPELLEE

vs.

# WILLIAM R. EATON, JR.

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Shaker Heights Municipal Court
Case No. 11 CVI 00301

**BEFORE:** Boyle, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 23, 2011

**ATTORNEY FOR APPELLANT**

James R. Douglass
James R. Douglass Co., LPA
20521 Chagrin Boulevard, Suite D
Shaker Heights, Ohio    44122


**ATTORNEY FOR APPELLEE**

Peter Hardin-Levine
Thorman & Hardin-Levine Co., LPA
The Bradley Building
1220 West Sixth Street, Suite 207
Cleveland, Ohio    44113


MARY J. BOYLE, P.J.:

{¶ 1}  This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶ 2}  Defendant-appellant, William Eaton, Jr., appeals from the trial court's judgment entering judgment against him and in favor of plaintiff-appellee, CP Properties of Shaker, LLC ("CP Properties"), in the amount of $1,915, plus interest and court costs. Finding merit to the appeal, we reverse and remand.

<u>Procedural History</u>

{¶ 3} In March 2011, CP Properties filed a small claims action against Eaton in Shaker Heights Municipal Court, claiming that Eaton failed to pay his last two months rent, wrote bad checks, and refused to respond to requests for payment. CP Properties requested a judgment against Eaton in the amount of $2,985. The form complaint contained an "Affidavit of Complainant's Claim," which was signed by CP Properties' representative, directing the clerk to reissue service of the summons and complaint if the original service of process by certified mail was returned as unclaimed or refused.

{¶ 4} The clerk of court sent service of summons to Eaton by certified mail at his home in Germantown, Tennessee, return receipt requested, on March 17, 2011. The summons notified Eaton that the court would hold a hearing on the matter on April 21, 2011. On April 11, the service of summons was returned unclaimed. That same day, the clerk of court sent service of summons via regular mail to Eaton. The summons again notified Eaton that the court would hold a hearing on the matter on April 21, 2011. The ordinary mail envelope was not returned as undelivered.

{¶ 5} As the notice indicated, a magistrate held a hearing on the matter on April 21. Eaton failed to appear. The magistrate entered judgment against Eaton in the amount of $1,915, plus interest and court costs.

{¶ 6} On May 4, 2011, Eaton filed objections to the magistrate's decision. In his affidavit, he averred that he is a resident of Tennessee, and that as part of his employment, he travels a lot. He stated that he received the summons and notice of the

trial date, as well as the magistrate's April 21st decision, on April 28, 2011, when he returned home from a business trip.

{¶ 7} On May 19, the trial court overruled Eaton's objections and entered judgment against him as recommended by the magistrate. It is from this judgment that Eaton appeals. He raises two assignments of error for our review:

{¶ 8} "[1.] The court erred by setting an answer date/trial nine (9) days after service of process was issued by regular mail.

{¶ 9} "[2.] The court erred in entering a default judgment against defendant-appellant when service of process had not been accomplished."

{¶ 10} We will discuss Eaton's second assignment of error first since it addresses the court's jurisdiction over him.

### Personal Jurisdiction

{¶ 11} In his second assignment of error, Eaton maintains that the Shaker Heights Municipal Court never obtained personal jurisdiction over him since he did not receive service of process until after the magistrate held a hearing on the matter. We disagree.

{¶ 12} Eaton admits that he received service of summons by regular mail. He just did not receive it until he returned from a business trip, which was after the magistrate held the hearing.

{¶ 13} Civ.R. 4.3 provides rules for methods for serving a person who lives out of state. It is by certified or express mail, or by personal service. Civ.R. 4.3(B)(1) and

(2). If certified mail is returned as unclaimed, which it was here, then, upon request of a party or the party's attorney, "the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption." Civ.R. 4.6(D). "Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Id.

**{¶ 14}** The clerk first sent service of summons to Eaton via certified mail, return receipt requested. When it was returned as unclaimed, the clerk then sent service of summons via regular mail. The envelope was not returned as undeliverable. Accordingly, service of summons was complete on April 11, 2011, the date the clerk sent the summons by regular mail.

**{¶ 15}** Eaton's second assignment of error is overruled.

Notice of Hearing

**{¶ 16}** In his first assignment of error, Eaton claims that the trial court erred when it set a hearing date for April 21, 2011, which he claims was nine days after service of summons was issued by regular mail. We agree with Eaton that the trial court erred when it set the hearing for April 21, 2011, but for different reasons than Eaton argues.

**{¶ 17}** Chapter 1925 of the Ohio Revised Code governs proceedings in the small claims division of a municipal court. Shaker Heights Loc.R. 7.2.1 provides that

"[a]ctions filed in the small claims division of the court shall be filed and proceedings had in accordance with the provisions of R.C. 1925 and any amendments thereto."

{¶ 18} R.C. 1925.05(A) prescribes that notice of the filing of an action in small claims court "shall be served on the defendant as provided by the Rules of Civil Procedure." R.C. 1925.05(B) requires that "[i]f the notice is returned undelivered or if in any other way it appears that notice has not been received by the defendant, at the request of the plaintiff or his attorney, a further notice shall be issued, *setting the trial for a subsequent date*, to be served in the same manner as a summons is served in an ordinary civil action." (Emphasis added.)

{¶ 19} The plain language of this statute requires the clerk to set the trial for a date subsequent to the originally assigned date whenever the clerk sends a further notice of the action at the request of plaintiff or plaintiff's attorney. Pursuant to the plain language of R.C. 1925.05(B), it was mandatory that the further notice contain a new, rescheduled trial date. In this case, the record discloses that when the clerk of court sent the service of summons by regular mail, as previously instructed by CP Properties, it included a second notice that contained the *original trial date*, not a rescheduled trial date, and thus did not comply with the statute.

{¶ 20} The Tenth Appellate District was presented with a nearly identical fact pattern in *Bodmann v. Locations, Ltd.*, 10th Dist. No. 03AP-910, 2005-Ohio-1511.

Because this court could not say it better, we quote several paragraphs of *Bodmann* on this exact issue:

{¶ 21} "As the Fourth Appellate District noted in *Hays v. Crow* (Dec. 1, 1982), 4th Dist. No. 472, '[t]he evident purpose of setting a new trial date is to allow the defendant an opportunity to appear and defend.' Id. That court reversed a trial court's grant of a default judgment in a case where, as here, the trial date was not reset upon the issuance of further notice and summons following the return, unclaimed, of attempted certified mail service.

{¶ 22} "In the present case [the *Bodmann* case], the requirement of a rescheduled trial date was not met, though R.C. 1925.05(B) demands it, and the trial court entered a default judgment despite this failure. Inasmuch as the mandatory requirement that the trial date be rescheduled to a subsequent date was not observed, the entry of default judgment was improper. See *AMCA Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, 90-91, 461 N.E.2d 1282. If we were to affirm the default judgment entered in this case we would render ineffective and meaningless the requirement in the plain language of R.C. 1925.05(B) that a subsequent notice sent to the defendant contain a rescheduled trial date.

{¶ 23} "The purpose of service of process is both to notify a defendant that a judicial proceeding has been commenced against him, and also to provide him with an opportunity to appear and defend himself. *Zachary v. White* (1971), 26 Ohio App.2d

97, 99, 269 N.E.2d 625. Both components of proper service are just as important in small claims court as they are in the court of common pleas, despite the fact that small claims court is 'intended to provide a forum for people with relatively small, uncomplicated claims to seek redress without the need for attorney representation,' *Klemas v. Flynn* (1993), 66 Ohio St.3d 249, 252, 611 N.E.2d 810, and to 'provide for the efficient, informal and inexpensive adjudication of small claims.' *Neroni v. Bendersky* (Apr. 28, 1998), 8th Dist. No. 53885.

{¶ 24} "A small claims action does not contemplate the use of a formal answer served upon the plaintiff and filed with the court prior to trial. For this reason, it is all the more necessary to ensure, by means of statutorily proper service of summons, that all defendants have been notified of the pendency of proceedings and have been afforded sufficient time to prepare and present a defense. This advances the dual goals of judicial economy and efficient use of the small claims plaintiff's time and resources.

{¶ 25} "To this end, R.C. 1925.05 is designed to ensure that necessary parties to an action are properly served with process and that they are afforded adequate time to prepare for trial. In including the trial scheduling provision in paragraph (B), the General Assembly plainly sought to ensure that additional time to prepare for trial would automatically be afforded a defendant upon his receipt of notice in any attempt at service other than the initial one, without placing the onus upon the defendant to request a continuance. It is not our place to opine regarding the practicality or wisdom of such a

legislative choice; we are bound to give effect to it when, as here, it has been clearly expressed in the words used in the statute. If legislative intent 'is clearly expressed [in the statute], the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act ***.' *Weaver v. Edwin Shaw Hosp.*, 104 Ohio St.3d 390, 2004-Ohio-6549, 819 N.E.2d 1079, at ¶13, quoting *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 78 N.E.2d 370, paragraph five of the syllabus. See, also, *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶10. Because the trial date was not rescheduled upon the mailing of the subsequent notice in this case, in contravention of the plain language of R.C. 1925.05(B), the default judgment entered against appellants must be reversed." *Bodmann* at ¶12-16.

{¶ 26} Here, the Shaker Heights Municipal Court erred by entering default judgment against Eaton without setting the trial for a subsequent date to the original one (April 21, 2011).

{¶ 27} Eaton's first assignment of error is sustained.

{¶ 28} Judgment reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR